In the INTEREST OF MICHAEL S.,
a Person Under the Age of 17:

STATE of Wisconsin,
Petitioner-Respondent,

v.

MICHAEL S., Jr.,
Respondent-Appellant-Petitioner.

Supreme Court

*No. 2003AP2934. Oral argument March 10, 2005.
—Decided June 22, 2005.*

2005 WI 82

(Also reported in 698 N.W.2d 673.)

1

For the respondent-appellant-petitioner there were briefs and oral argument by *Susan E. Alesia,* assistant state public defender.

For the petitioner-respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, C.J.   This is a review of an unpublished decision of the court of appeals affirming an order of the circuit court for Milwaukee County, Christopher R. Foley, Judge.[1]

¶ 2.   The issue presented in this case is whether a circuit court may, pursuant to Wis. Stat. § 938.365(6),[2] extend a juvenile's one-year dispositional order temporarily for 30 days if the 30–day extension order is entered after the one-year dispositional order has expired.

¶ 3.   We hold that after a juvenile's one-year dispositional order expires, a circuit court may not grant a 30–day temporary extension of the order under Wis. Stat. § 938.365(6). Further, consistent with caselaw, the expiration of the one-year dispositional order cannot be waived. Because no 30–day temporary extension or new dispositional order was granted prior to the expiration of the one-year dispositional order, the circuit court could not act with respect to Michael S. once the one-year dispositional order expired.

I

¶ 4.   We must first address the issue of mootness. On April 11, 2005, Michael S. turned 18 and is no longer subject to the juvenile code.

---

[1] *In re Michael S.,* No. 2003AP2934, unpublished slip op. (Wis. Ct. App. Apr. 20, 2004).

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise indicated.

¶ 5. A determination of the issue presented in the instant case will have no practical effect on Michael S. With regard to Michael S., the issue raised on review is therefore moot.

¶ 6. Reviewing courts generally decline to decide moot issues but may do so under certain circumstances.[3] A court may decide a moot issue when the issue is of great public importance; occurs frequently and a definitive decision is necessary to guide the circuit courts; is likely to arise again and a decision of the court would alleviate uncertainty; or will likely be repeated, but evades appellate review because the appellate review process cannot be completed or even undertaken in time to have a practical effect on the parties.

¶ 7. The question presented in this case seems to satisfy all these exceptions to the mootness rule. Deciding a circuit court's retention of authority over a juvenile after the expiration of a dispositional order is a matter of great importance to the sound operation of the judicial system and the rights and interests of juveniles.

¶ 8. We will therefore address the issue presented in the instant case.

II

¶ 9. We now turn to the relevant facts relating to the expiration and extension of Michael S.'s dispositional order.

¶ 10. The district attorney's office for Milwaukee County petitioned the circuit court for Milwaukee County on August 22, 2001, seeking to adjudicate

---

[3] *State v. Morford,* 2004 WI 5, ¶ 7, 268 Wis. 2d 300, 674 N.W.2d 349.

Michael S. delinquent. Michael S. waived his right to a trial, and on November 8, 2001, the circuit court entered a dispositional order placing Michael S. on supervision until October 23, 2002. The November 8 order contained a number of conditions of supervision with which Michael S. was required to comply.

¶ 11. On September 10, 2002, the State petitioned the circuit court for a change in the original dispositional order. This requested change was based on post-November 8 conduct violating Michael S.'s conditions of supervision. Specifically, the State sought to place Michael S. in a secure group home (change of placement) and sought a one-year extension of the original one-year dispositional order set to expire on October 23, 2002.

¶ 12. At a hearing before Judge Christopher Foley on October 2, 2002, Michael S.'s attorney, the Assistant District Attorney, and Michael S.'s probation officer discussed the status of the State's petition and set a date for a contested hearing on the petition. Michael S. did not oppose an extension of supervision but did oppose a change of placement, and this objection would be the subject of the contested hearing.

¶ 13. During the discussion about setting the date for the contested hearing, the following exchange took place, indicating that the hearing could not be held before October 24:

> **[PROBATION OFFICER]:** I have a quick comment, Judge. I'm on vacation starting this Friday until the 15th. If that's going to be a problem, if we want a quick hearing—
>
> **THE COURT:** We have problems with quick hearings all over the place. As some of you may be aware, we finished a 7 day jury trial on a TPR [termination of

parental rights] last night at 8 o'clock. We're starting another one that's projected to last at least five days on Monday. We are institutionally trying to figure out how we can possibly handle the requirements for preliminary hearings on 13 or more kids that we anticipate are going to be charged with homicides in a 10–day period. I don't know how we're going to do that. And I'm going to the judicial conference. So, a quick hearing is a foreign concept here.

. . . .

**THE COURT:** . . . Let's get a date, please.

**THE CLERK:** What is this being set for? A contest hearing?

**THE COURT:** Yes.

**THE CLERK:** October 24th at 1:30?

**[MICHAEL S.'S ATTORNEY]:** I can't do it on the 24th. I can do it on the 25th any time.

**[ASSISTANT DISTRICT ATTORNEY]:** Do you have anything the following week?

**[MICHAEL S.'S ATTORNEY]:** The following week I'm out of town, the week of the 28th. The 24th is good in the morning. I don't know what—I just can't do it in the afternoon.

¶ 14.   The parties agreed that the contested hearing would be held at 10:30 A.M. on October 24, 2002. Michael S.'s attorney also discussed at the October 2 hearing the possibility of getting another psychological evaluation for Michael S.; apparently this evaluation was never done.

¶ 15.   On October 24, 2002, the parties met before Judge Michael Malmstadt; Judge Foley was occupied with a jury trial. At the October 24 hearing were

8

Michael S., his attorney, his mother and grandmother, the assistant district attorney assigned to the case, the probation officer, and three individuals involved in various juvenile delinquency programs.

¶ 16. To familiarize himself with the status of Michael S.'s case, Judge Malmstadt questioned Michael S. and the attorneys. The parties discussed at length the possible placement options and whether Michael S. was going to change his behavior.

¶ 17. Without either attorney raising the issue, Judge Malmstadt noticed that Michael S.'s dispositional order had expired on October 23, 2002, the prior day. The import of the expiration date of the dispositional order was not lost on Judge Malmstadt. The following relevant exchange relating to the dispositional order ensued:

> **JUDGE MALMSTADT:** Okay. I'm being told his Probation ended yesterday?
>
> **[PROBATION OFFICER]:** I believe so. Unless—I don't know if Judge Foley extended it verbally or not last time. I didn't hear.
>
> . . . .
>
> **[ASSISTANT DISTRICT ATTORNEY]:** Placed on Probation October 23, 2001.
>
> **JUDGE MALMSTADT:** Okay.
>
> **[MICHAEL S.'S ATTORNEY]:** Only was a one-year Order. I have the Original Dispositional Order. That should be in the file.
>
> **[ASSISTANT DISTRICT ATTORNEY]:** What does the Judgment roll say?
>
> **JUDGE MALMSTADT:** . . . I don't see anything in it that shows there was ever an Extension.

**[ASSISTANT DISTRICT ATTORNEY]:** My notes are silent to that as well.

**[MICHAEL S.'S ATTORNEY]:** Original Order says "Ends 10/23/02." Signed by [Judge] Wasielewski. My notes reflect we set this for Contest, argued placement, got a copy of the Psych. I don't have anything about extending it.

**JUDGE MALMSTADT:** Do you know what that all means, Michael?

**[MICHAEL S.]:** (Nods head negatively.)

**JUDGE MALMSTADT:** Well, I will tell you, in a nut shell, what it means. It means you have two choices right now. Okay?

Choice Number One— And I'm going to go through this damn thing with a fine tooth comb, to make sure it's true.

But, Choice Number One, tells me you are off Probation, that we have no more authority over you, and it's "Good Bye, Michael."

. . . .

Well, that's one option.

The other option is for you to say: "You know what? I think I want this Judge to extend my Probation so I can work with the people from Running Rebels." I can only do that if you say, "Judge, I want to you to do that." I can't make you do that. That's up to you.

Those are your two options.

**[MICHAEL S.]:** The first.

**JUDGE MALMSTADT:** Fine. Back to Detention. I'm going to show this to Judge Foley. Judge Foley and I will talk about it. And if Judge Foley and I come to the same conclusion, I think this case is over with.

10

¶ 18. Judge Malmstadt understood the expiration of Michael S.'s one-year dispositional order to mean that the circuit court's authority over Michael S. may have ceased on October 23, saying: "Well, if he is off supervision, what authority do I have to keep him?"

¶ 19. Prior to concluding the hearing, Judge Malmstadt checked to determine whether any files showed a temporary extension of the one-year dispositional order. They did not. Judge Malmstadt also stated that he would check further with court reporters to determine whether the one-year dispositional order had been temporarily extended at the October 2, 2002, hearing.

¶ 20. That afternoon the parties appeared before Judge Foley. Michael S.'s attorney was not present. Judge Foley stated that at none of the previous three hearings (September 24, September 26, and October 2) was there any indication "that a 938.365(6) extension was granted. And Judge Malmstadt was concerned that this Court may have lost authority to act in this matter."

¶ 21. Judge Foley further stated that, after speaking with the court reporters for the previous three hearings, he was satisfied that no judge had orally temporarily extended Michael S.'s one-year dispositional order.

¶ 22. Judge Foley concluded, however, that the failure to extend the order was not significant, because Wis. Stat. § 938.365(6) had been modified to mean that if a juvenile does not object to the scheduling of a hearing beyond the expiration of the one-year dispositional order, "it operates as a waiver." Judge Foley asserted that his reading of § 938.365(6) was supported by the text of § 938.315(3), providing that "failure to comply with any time limit specified in this chapter

does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction."[4]

¶ 23. Judge Foley went on to conclude that "I continue to have authority in this matter, that I have the right to, in effect, retroactively grant the thirty days' extension, which I am doing." Michael S.'s attorney was not present and was not on the phone with the court during this brief hearing.

¶ 24. At a hearing later that same day, Michael S.'s attorney was present by phone. Judge Foley explained to Michael S.'s attorney that he had granted the temporary extension pursuant to Wis. Stat. § 938.365(6) and § 938.315(3). A subsequent hearing date was set for November 8, 2002, and just before the close of the hearing Michael S.'s attorney asked for the statute numbers Judge Foley had mentioned earlier in the hearing (§§ 938.365(6) and 938.315(3)). According to Michael S.'s attorney, this phone appearance on October 24, 2002 took only a couple of minutes.

¶ 25. At the November 8, 2002 hearing, a third judge, Judge Joseph R. Wall, presided. Michael S.'s attorney objected to Judge Foley's temporary extension of Michael S.'s one-year dispositional order, contending that the circuit court's authority expired on October 23, 2002. Judge Wall concluded that unless the transcript from the October 2 hearing demonstrated that Judge Foley had extended the one-year dispositional order, the court lost authority over Michael S. on October 23, 2002. Concerned about this issue, Judge Wall ordered Michael S. placed in detention until Judge Foley could review, on November 26, 2002, the issue of the expiration of the one-year dispositional order.

---

[4] Wis. Stat. § 938.315(3).

¶ 26. At the November 26 hearing before Judge Foley, the parties discussed the implications of the circuit court's failure to extend the one-year dispositional order temporarily for 30 days on October 2, 2002, and the circuit court's authority under Wis. Stat. §§ 938.315(3) and 938.365(6). In affirming his earlier assertion that the circuit court retained authority over Michael S., Judge Foley acknowledged that he never said the "magic words" ordering an extension. The judge reasoned that because there was good cause for scheduling the hearing on October 24 as opposed to October 23, the circuit court did not have to state explicitly on October 2 that Michael S.'s one-year dispositional order was being extended temporarily for 30 days.

¶ 27. Judge Foley asserted that the circuit court inferentially granted the 30–day temporary extension when the matter was set on the court's calendar for October 24, 2002. Judge Foley's ruling that the temporary extension was "inferentially" granted is somewhat inconsistent with his earlier position that the circuit court "retroactively" granted the extension.

¶ 28. The circuit court scheduled a contested hearing on the merits of the petition for the extension of the one-year dispositional order for December 3, 2002. The circuit court granted the State's motion after the December 3 hearing to extend Michael S.'s dispositional order for one year (until October 23, 2003) and changed his placement to Ethan Allen School.

¶ 29. The court of appeals affirmed the circuit court, holding that the requirements of Wis. Stat. § 938.365(6) had been fulfilled, because (1) a request was made for an extension of the one-year dispositional order before the expiration of the order; and (2) a hearing could not be held before the expiration of the one-year dispositional order. The court of appeals held

13

that Wis. Stat. § 938.365(6) does not require that a 30–day extension must be granted prior to the dispositional order's expiration, as long as the two conditions set forth above were met. Similarly, the court of appeals held that the circuit court is not required, under § 938.365(6), to explicitly inform the parties that it granted a temporary 30–day extension. Michael S. seeks review in this court. We reverse the decision of the court of appeals.

### III

¶ 30.  The parties dispute whether the circuit court's failure to grant a temporary 30–day extension of Michael S.'s one-year dispositional order prior to October 23, 2002, the date of the expiration of the order, has any effect on the validity of the circuit court's order extending Michael S.'s dispositional order for an additional year and changing his placement to Ethan Allen School.

¶ 31.  We turn to the relevant statutes and their application to the facts in the case at bar. Interpretation and application of statutes ordinarily present questions of law that this court decides independently of the circuit court and the court of appeals, benefiting from their analyses.[5]

¶ 32.  The statutes at issue in the present case are Wis. Stat. §§ 938.34, 938.365(6), and 938.315(3).

¶ 33.  Section 938.34 provides that when a juvenile is judged delinquent, a circuit court must enter an "order deciding one or more of the dispositions of the

---

[5] *In re Cesar G.*, 2004 WI 61, ¶ 11, 272 Wis. 2d 22, 682 N.W.2d 1.

case as provided in this section under a care and treatment plan."[6] Dispositions under § 938.34 include counseling, supervision (intensive or otherwise), placement in a particular home, electronic monitoring, transfer of legal custody, institutional or correctional placement, aftercare supervision, restitution (in the form of money or services), work programs or community service, and various job, educational, drug or alcohol counseling programs.[7] Pursuant to § 938.355(4)(a), the original dispositional order in the instant case provided that it would expire on October 23, 2002.

¶ 34. A circuit court may extend a dispositional order and change placement. Wisconsin Stat. § 938.365(6) allows a circuit court to extend a dispositional order for 30 days for the circuit court to hear a request to extend the dispositional order. Section 938.365(6) reads as follows:

> If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date [of the dispositional order], the court may extend the [dispositional] order for a period of not more than 30 days, not including any period of delay resulting from any of the circumstances specified in s. 938.315(1). The court shall grant appropriate relief as provided in s. 938.315(3) with respect to any request to extend a dispositional order on which a hearing is not held within the time limit specified in this subsection. Failure to object if a hearing is not held within the time limit specified in this subsection waives that time limit.

¶ 35. According to the text of Wis. Stat. § 938.365(6), if there is a request to extend a disposi-

---

[6] Wis. Stat. § 938.34.

[7] Wis. Stat. § 938.34(1)-(16).

tional order prior to the termination of the order, but the circuit court is unable to conduct a hearing on the request before the termination date of the dispositional order, the circuit court may extend the dispositional order for not more than 30 days. In the instant case, the State did request an extension of the dispositional order prior to the termination of the order. The circuit court was unable to conduct a hearing on the State's request before the termination date of the dispositional order. The circuit court did not, however, extend the disposition order for 30 days, probably because no request for a temporary extension under Wis. Stat. § 938.365(6) was made. The statute does not explicitly explain the consequences of a circuit court's failure to order a 30–day temporary extension of the dispositional order. The statute does provide that if a hearing is not held within the 30 days set forth in the temporary extension, failure to object waives that time limit.

¶ 36. The third relevant statute is Wis. Stat. § 938.315(3). This statute governs the failure to comply with any time limit specified in the Juvenile Justice Code (chapter 938). Section 938.315(3) provides that failure to comply with any time limit in chapter 938 does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction and that failure to object to a delay or a continuance waives the time limit. Specifically, section 938.315(3) provides, in pertinent part, as follows:

> Failure to comply with any time limit specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction. Failure to object to a period of delay or

a continuance waives the time limit that is the subject of the period of delay or continuance.[8]

---

[8] The other subsections of Wis. Stat. § 938.315 are as follows:

(1) The following time periods shall be excluded in computing time requirements within this chapter:

(a) Any period of delay resulting from other legal actions concerning the juvenile, including an examination under s. 938.295 or a hearing related to the juvenile's mental condition, prehearing motions, waiver motions and hearings on other matters.

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the juvenile and counsel.

(c) Any period of delay caused by the disqualification or substitution of a judge or by any other transfer of the case or intake inquiry to a different judge, intake worker or county.

(d) Any period of delay resulting from a continuance granted at the request of the representative of the public under s. 938.09 if the continuance is granted because of the unavailability of evidence material to the case when he or she has exercised due diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will be available at the later date, or to allow him or her additional time to prepare the case and additional time is justified because of the exceptional circumstances of the case.

(dm) Any period of delay resulting from court congestion or scheduling.

(e) Any period of delay resulting from the imposition of a consent decree.

(f) Any period of delay resulting from the absence or unavailability of the juvenile.

(fm) Any period of delay resulting from the inability of the court to provide the juvenile with notice of an extension hearing under s. 938.365 due to the juvenile having run away or otherwise having made himself or herself unavailable to receive that notice.

(g) A reasonable period of delay when the juvenile is joined in a hearing with another juvenile as to whom the time for a hearing has not expired under this section if there is good cause for not hearing the cases separately.

17

¶ 37. A request to extend the dispositional order and change placement, as we stated previously, was made in the present case in September 2002. The circuit court did not act upon the request prior to the expiration of the one-year dispositional order. No request was made for a temporary 30–day extension of the one-year dispositional order under § 938.365(6) before the expiration of the one-year dispositional order.

(h) Any period of delay resulting from the need to appoint a qualified interpreter.

(2) A continuance may be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the representative of the public under s. 938.09 or the parties, the interests of the victims and the interest of the public in the prompt disposition of cases.

(2m) No continuance or extension of a time limit specified in this chapter may be granted and no period of delay specified in sub. (1) may be excluded in computing a time requirement under this chapter if the continuance, extension, or exclusion would result in any of the following:

(a) The court making an initial finding under [several statutory subsections not relevant here] that reasonable efforts have been made to prevent the removal of the juvenile from the home, while assuring that the juvenile's health and safety are the paramount concerns, or an initial finding under [several statutory subsections not relevant here] that those efforts were not required to be made because a circumstance specified in s. 938.355(2d)(b)1. to 4. applies, more than 60 days after the date on which the juvenile was removed from the home.

(b) The court making an initial finding under s. 938.38(5m) that the agency primarily responsible for providing services to the juvenile has made reasonable efforts to achieve the goals of the juvenile's permanency plan more than 12 months after the date on which the juvenile was removed from the home or making any subsequent findings under s. 938.38(5m) as to those reasonable efforts more than 12 months after the date of a previous finding as to those reasonable efforts.

18

¶ 38. The dispositional order expired on October 23, 2002; the hearing on extending the order for another year was held on October 24, 2002.

¶ 39. The State argues that the circuit court inferentially granted the temporary 30–day extension on October 2, 2002, when it scheduled the hearing for October 24, and that no magic words are required for a circuit court to invoke a temporary 30–day extension of the dispositional order under Wis. Stat. § 938.365(6). The State asserts that the criteria for granting the temporary extension were met in the instant case: A request for an extension of a dispositional order was timely made, and the circuit court had difficulty scheduling the hearing earlier.

██

¶ 40. The State argues that the circuit court can extend a dispositional order by implication or inference or nunc pro tunc. We disagree with the State. A circuit court must follow the statutory procedure for extending an order.[9] The statute does not allow for an extension by implication, by inference, or after the fact.

¶ 41. Particularly in juvenile proceedings, the juvenile and his or her relatives must be aware of the dispositional status of a juvenile; inferential orders do not comport with that notion, the statutes, or due process. The juvenile's liberty interests are at stake. To allow an extension by inference undermines all the certainty the legislature has attempted to build into chapter 938. As a one-year dispositional order nears its end, all the parties are aware that unless the state initiates additional action before the expiration date of the order, the circuit court's authority over the juvenile ceases.

---

[9] Wis. Stat. § 938.365(1m).

¶ 42. In the present case, if a 30–day temporary extension were granted by inference, no one would have been able to determine Michael S.'s status on October 23, 2003. It was only on October 24 that Judge Foley mentioned he was going to enter a temporary extension. Even then, the parties continued to dispute the court's authority to grant the order over at least three more hearings before two different judges. The goals of certainty and finality would not be achieved by inferential orders.

¶ 43. Section 938.365(6) allows a circuit court to "grant" an extension if certain conditions are present. Granting an extension is an affirmative act that advises all parties involved, as well as all the circuit court judges who act on the file.

¶ 44. While the circuit court is not required to utter "magic words" to extend a dispositional order temporarily for 30 days, it must enter a written or oral order of extension prior to the expiration of the underlying dispositional order. No order was entered in the instant case. The record does not reflect that the circuit court or the parties were aware that the contested hearing was set beyond the expiration of the one-year dispositional order. Had the circuit court entered on October 2 either a written or oral order granting a 30–day extension under Wis. Stat. § 938.365(6), this case would not be here.

¶ 45. Having rejected the State's position that the circuit court extended the dispositional order inferentially, by implication, or after the fact, prior to its expiration, we address now the parties' other arguments.

¶ 46. Relying on *In re B.J.N.,* 162 Wis. 2d 635, 469 N.W.2d 845 (1991), in which the court stated that "[a]

dispositional order has no validity once the time period has elapsed,"[10] Michael S. asserts that the circuit court lost both personal jurisdiction and competency over Michael S. once the one-year dispositional order expired on October 23. Michael S. contends that the circuit court was without authority to issue a temporary extension after the expiration date, and without the statutory 30–day temporary extension, argues Michael S., the circuit court was without authority to enter the subsequent one-year dispositional order.

¶ 47.   In contrast, relying on *Village of Trempealeau v. Mikrut*[11] and the statutes, the State argues that because Michael S. did not object to scheduling the hearing on October 24, he waived any challenge to the circuit court's ability to hear the State's request for an additional one-year dispositional order.

¶ 48.   We now turn to Michael S.'s position. *B.J.N.*, upon which Michael S. relies, arose under chapter 48 of the Statutes (1987–88), the Children's Code, enacted in 1977. At the time *B.J.N.* was decided, chapter 48 set forth the requirements for dispositional orders for both juvenile delinquency and children in need of protection or services (CHIPS) cases.

¶ 49.   Prior to the adoption of the Children's Code, the juvenile justice system allowed a dispositional order to last until the juvenile's eighteenth birthday. There was no statutorily required expiration date of a dispositional order before the juvenile attained the age of

---

[10] *In re B.J.N.*, 162 Wis. 2d 635, 658, 469 N.W.2d 845 (1991).

[11] *Village of Trempealeau v. Mikrut*, 2004 WI 79, 273 Wis. 2d 76, 681 N.W.2d 190.

18.[12] This lack of an expiration date for a dispositional order "often resulted in an abuse of detention."[13]

¶ 50. As revised in 1979, the Children's Code empowered circuit courts to issue juvenile dispositional orders for a one-year period and, if the order was to be extended, required circuit courts to hold formal hearings on whether to extend a dispositional order.[14] The Children's Code thus afforded a juvenile an annual review[15] and did not allow a "gap" between the expiration date of the dispositional order and the date on which a new order was entered.[16]

¶ 51. The primary function of the expiration date of a dispositional order was to ensure the protection of a juvenile's due process rights.[17] Indeed, "some of the more important revisions of ch. 48 [were] made in the 1970's in order to implement major United State Supreme Court decisions and assure the constitutional rights of children . . . ."[18] The Children's Code recognized that a juvenile has a constitutionally protected liberty interest and should be subject to a dispositional

---

[12] For a discussion of the 1977 Children's Code, see *B.J.N.*, 162 Wis. 2d at 646—47; *In re S.D.R.*, 109 Wis. 2d 567, 574–77, 326 N.W.2d 762 (1982).

[13] *B.J.N.*, 162 Wis. 2d at 646 (citing Wisconsin Council on Criminal Justice, *Juvenile Justice Standards and Goals* 81 (Dec. 1975)). *See also S.D.R.*, 109 Wis. 2d at 574.

[14] *B.J.N.*, 162 Wis. 2d at 646. *See also S.D.R.*, 109 Wis. 2d at 574.

[15] *S.D.R.*, 109 Wis. 2d at 576.

[16] *B.J.N.*, 162 Wis. 2d at 647 n.9.

[17] *B.J.N.*, 162 Wis. 2d at 646; *S.D.R.*, 109 Wis. 2d at 577. *See In re R.H.*, 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988), *aff'd per curiam by an equally divided court,* 150 Wis. 2d 432, 441 N.W.2d 233 (1989).

[18] *B.J.N.*, 162 Wis. 2d at 645.

order only if one is needed.[19] The Children's Code's new temporal limitations were designed to protect the juvenile's constitutional liberty interest. A juvenile has a due process right to have his or her disposition re-determined by a fixed date.[20]

¶ 52.   With this background about the Children's Code, we turn to *B.J.N.* In *B.J.N.*, unlike in the present case, the circuit court granted a temporary 30–day extension of a one-year dispositional order before the order expired. No hearing was held, however, during the 30–day period. The question was whether under Wis. Stat. § 48.365(6) (1987–88),[21] the predecessor to Wis. Stat. § 938.365(6), the one-year dispositional order

---

[19] *S.D.R.,* 109 Wis. 2d at 576. In discussing the temporal limitations of a dispositional order and the role of the 30–day temporary extension, this court noted:

> The temporary extension provision is an integral part of the revised Code which provides for yearly review of juvenile dispositions. In changing from the system under the old Code, which allowed continued confinement until after eighteen without any review, the legislature deemed it necessary to allow a short additional period to accommodate situations when the court was "unable" to hold the extension hearing prior to the expiration of the dispositional order. Such a temporary extension is in the best interests of all parties involved in the juvenile process. . . . The legislature in providing for the 30–day period balanced the interests of the juvenile in having a hearing before the expiration of the dispositional order and having the benefit of the entire dispositional period to examine his or her progress. Further, the legislature recognized the problems of scheduling the plenary extension hearing into busy court calendars prior to the expiration of the order. Thus, through sec. 48.356(6), Stats., the legislature attempted to effectively and practically implement the annual review requirement of the revised Code.

*Id.*

[20] *B.J.N.,* 162 Wis. 2d at 648–49.

[21] Wisconsin Stat. § 48.365(1), (6) (1987–88) read:

could be extended beyond 30 days and whether Wis. Stat. § 48.315 (1987–88),[22] a predecessor to Wis. Stat.

**48.365 Extension of orders. (1)** The parent, child, guardian, legal custodian, any person or agency bound by the dispositional order, the district attorney or corporation counsel in the county in which the dispositional order was entered or the court on its own motion, may request an extension of an order under s. 48.355. The request shall be submitted to the court which entered the order. No order under s. 48.355 may be extended except as provided in this section.

. . . .

**(6)** If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days.

[22] Wisconsin Stat. § 48.315 (1987–88) read:

**48.315 Delays, continuances and extensions. (1)** The following time periods shall be excluded in computing time requirements within this chapter:

(a) Any period of delay resulting from other legal actions concerning the child, including an examination under s. 48.295 or a hearing related to the child's mental condition, prehearing motions, waiver motions and hearings on other matters.

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel.

(c) Any period of delay caused by the disqualification of a judge.

(d) Any period of delay resulting from a continuance granted at the request of the representative of the public under s. 48.09 if the continuance is granted because of the unavailability of evidence material to the case when he or she has exercised due diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will be available at the later date, or to allow him or her additional time to prepare the case and additional time is justified because of the exceptional circumstances of the case.

(e) Any period of delay resulting from the imposition of a consent decree.

(f) Any period of delay resulting from the absence or unavailability of the child.

§ 938.315, could be used to expand the duration of a 30–day extension of a dispositional order.[23]

¶ 53. The *B.J.N.* court held that the circuit court lost its competence to exercise jurisdiction when the hearing was not held within the 30–day time period under Wis. Stat. § 48.365(6) (1987–88); that § 48.315 (1987–88) could not be used to enlarge the 30–day time period of the dispositional order; and that the parties could not waive the circuit court's loss of competency after the 30–day extension terminated.

¶ 54. Resting its decision on the text of the statutory provisions and the objectives of the drafters of the Children's Code, the *B.J.N.* court concluded that "[a] dispositional order has no validity once the time period has elapsed"[24] unless a temporary extension was granted before the expiration of the one-year dispositional order.

¶ 55. The *B.J.N.* court concluded that a juvenile cannot waive the right to challenge the scheduling of a post-dispositional proceeding after the expiration of the 30–day extension.[25] The *B.J.N.* court highlighted that the court has "consistently ruled that a court's loss of

(g) A reasonable period of delay when the child is joined in a hearing with another child as to whom the time for a hearing has not expired under this section if there is good cause for not hearing the cases separately.

(2) A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

[23] *B.J.N.,* 162 Wis. 2d at 639, 641.
[24] *Id.* at 658.
[25] *Id.*

power due to the failure to act within statutory time periods cannot be stipulated to nor waived."[26] "An objecting party's failure to expressly raise the loss of competence at the earliest available moment cannot revive an order which has expired and no longer carries any force of law."[27]

¶ 56.   With regard to the application of Wis. Stat. § 48.315 (1987–88), the *B.J.N.* court held that § 48.315 (1987–88) did not apply to extensions of dispositional orders. Section 48.315(1) (1987–88) provided that certain enumerated periods of delay or continuance "shall be excluded in computing time requirements within this chapter." The *B.J.N.* court concluded that "the length of time a dispositional order can remain in effect . . . is not really a 'requirement' or 'deadline' by which time something must be done to proceed to the next step."[28] The 30–day extension under § 48.365(6) (1987–88) represents the length of time an order stays in effect, according to the *B.J.N.* court. Thus the court ruled in *B.J.N.* that § 48.315 (1987–88) did not allow the dispositional order to remain in effect beyond its stated expiration date.

¶ 57.   To determine the applicability of *B.J.N.* to the present case, we have to compare the Children's Code to the Juvenile Justice Code, which governs the present case. In 1995, the legislature created chapter 938, the Juvenile Justice Code, which governs delinquent juveniles; CHIPS cases remain in chapter 48.[29] The 1995 Juvenile Justice Code revised sections of the Children's Code applicable to delinquent juveniles. Rel-

[26] *Id.* at 657 (citations omitted).

[27] *Id.* at 657–58.

[28] *Id.* at 651.

[29] 1995 Wis. Act 77.

evant to this case are changes from Wis. Stat. §§ 48.365(6) and 48.315 (1987–88) in §§ 938.365(6) and 938.315.

¶ 58.  The text of Wis. Stat. § 938.365(6) regarding the request for a 30–day temporary extension of the dispositional order is essentially unchanged from the text of Wis. Stat. § 48.365(6) (1987–88) interpreted in *B.J.N.*, except for the addition of the sentence stating that "[f]ailure to object if a hearing is not held within the time limit specified in this subsection waives that time limit."

¶ 59.  This final sentence of Wis. Stat. § 938.365(6) does not apply in the present case because this sentence is obviously tied to the preceding sentences, which relate to a request made prior to expiration of the order to extend a dispositional order for 30 days in order to hold a hearing. That is, the "time limit" referred to is holding the hearing within 30 days. In the present case no request for a 30–day extension of the dispositional order was made and none was granted before the expiration of the order. Accordingly, the waiver provision of § 938.365(6) is inapplicable here, and under *B.J.N.*, the one-year dispositional order in the present case had no validity once its expiration date, October 23, was reached.

¶ 60.  We turn now to a new provision in the Juvenile Justice Code, Wis. Stat. § 938.315(3), upon which the State relies for the proposition that failure to comply with the 30–day provision in Wis. Stat. § 938.365(6) does not deprive the circuit court of personal or subject matter jurisdiction or competency and

that Michael S.'s failure to object to the delay waived the time limit. Section 938.315(3) reads in relevant part as follows:

> Failure to comply with any time limit specified in this chapter does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction. Failure to object to a period of delay or a continuance waives the time limit that is the subject of the period of delay or continuance.

¶ 61. The State's argument is not persuasive. It is answered by the *B.J.N.* decision. The expiration date of a dispositional order is not a "time limit" contemplated in Wis. Stat. § 938.315(3). The *B.J.N.* court explained this conclusion, stating, "The length of time a dispositional order can remain in effect, however, is not really a 'requirement' or 'deadline' by which something must be done to proceed to the next step."[30] Accordingly, we conclude that § 938.315(3) does not apply in the present case to extend the one-year dispositional order.

¶ 62. When the legislature wanted to use the term "time limits" in chapter 938 with reference to specifically enumerated periods, it did so.[31] The fundamental difference between a "time limit" as described in Wis.

---

[30] *B.J.N.*, 162 Wis. 2d at 651.

[31] *See, e.g.,* Wis. Stat. § 938.24(5), governing the intake of a delinquent juvenile, which reads in relevant part:

**(5)** The intake worker shall request that a petition be filed, enter into a deferred prosecution agreement or close the case within 40 days or sooner of receipt of referral information. . . . Notwithstanding the requirements of this section, the district attorney may initiate a delinquency petition under s. 938.25 within 20 days after notice that the case has been closed or that a deferred prosecution agreement has been entered into. The judge shall grant appropriate relief as provided in s. 938.315(3) with respect to

Stat. § 938.315(3) and the expiration of the one-year dispositional order is as follows: "Time limits" are those constraints that require action within a set period of time. In contrast, when a one-year dispositional order expires, it simply ceases to be in effect. Unless an order is entered extending the one-year dispositional order before the dispositional order expires, nothing in §§ 938.315(3) or 938.365(6) extends the validity of the one-year dispositional order.

¶ 63.  The difference between "time limits" and the durational period of dispositional orders was retained by the court of appeals in *In re Sarah R.P.*, a recent court of appeals decision relating to Wis. Stat. § 938.32, which governs consent decrees.[32]

¶ 64.  In *Sarah R.P.*, a circuit court attempted to vacate a consent decree entered under chapter 938. The consent decree in the delinquency action included a curfew and a condition that Sarah R.P. not engage in further law violations. The consent decree at issue was to remain in effect until December 8. The State filed a petition to vacate the decree on December 1, alleging that Sarah R.P. violated the curfew and stole two pens from school. The hearing on the State's petition was not held until December 21, 13 days after the consent decree expired. No temporary extension of the consent decree was requested or entered.

¶ 65.  The circuit court accepted the State's contention that the provisions of Wis. Stat. § 938.315 allowed for an extension of the consent decree after the

---

any such petition which is not referred or filed within the *time limits* specified within this subsection. . . . (emphasis added).

[32] *See In re Sarah R.P.*, 2001 WI App 49, 241 Wis. 2d 530, 624 N.W.2d 872.

expiration date of the decree and entered a dispositional order. Sarah R.P. challenged the order in the court of appeals.

¶ 66. The court of appeals reversed the circuit court, concluding that the durational period of a consent decree is not a time limit within Wis. Stat. § 938.315 but rather provided for a "period of supervision" that terminated at the conclusion of the period set forth in the decree.[33] According to *Sarah R.P.,* once "the decree has expired, it cannot be resurrected."[34]

¶ 67. The court of appeals also rejected the State's argument that Sarah R.P. waived the right to challenge the expiration of the decree by not raising it at or before the December 21 hearing.[35]

■

¶ 68. Applying the principles derived from *B.J.N.* and *Sarah R.P.,* we would have to conclude that the circuit court had no authority over the Michael S. matter after the one-year dispositional order expired on October 23.

¶ 69. We now turn to the State's position to determine whether the *Mikrut* case undermines our reliance on *B.J.N.* and *Sarah R.P.* for the proposition that when no order is in effect extending the dispositional order, the circuit court has no authority over the juvenile.

¶ 70. The State relies on *Village of Trempealeau v. Mikrut,* 2004 WI 79, ¶¶ 27–30, 273 Wis. 2d 76, 681 N.W.2d 190, to assert that Michael S. waived his right to challenge on appeal the circuit court's loss of competency when he failed to challenge the scheduling of the contested hearing for October 24, 2002, at the October

---

[33] *Id.,* ¶ 12.

[34] *Id.,* ¶ 14.

[35] *Id.,* ¶ 15.

2 hearing. The State relies on *Mikrut* for the proposition that a challenge to a circuit court's competency is waived if not raised in the circuit court.

¶ 71.  Mikrut was issued 21 citations for violations of local ordinances.[36] He was found guilty, appealed, and lost, and this court denied his petition for review.[37] Mikrut then moved, 17 months after the guilty verdict, to vacate the judgment.[38] Mikrut claimed the citations were illegal because the village failed to comply with statutory mandates in issuing the citations.[39] The *Mikrut* court held that competency does not equate to subject matter jurisdiction and that a challenge to the circuit court's competency is waived if not raised in the circuit court.[40] The *Mikrut* court, however, backed off from adopting a categorical rule that all competency objections must be made at the circuit court or be waived.[41] For example, the court held open the question whether statutory time periods can be waived.[42]

¶ 72.  The State agrees that *Mikrut* left open the question whether a challenge to competency based on noncompliance with a statutory time period can be waived. The court explained in *Mikrut,* for example, that in *B.J.N.,* "the failure to timely hold a hearing on a request for an extension of a CHIPS order under Wis. Stat. § 48.365(2) resulted in a loss of the circuit court's competency to proceed, because without the statutorily-required hearing on the extension, the original order

---

[36] *Mikrut,* 273 Wis. 2d 76, ¶ 4.

[37] *Id.,* ¶ 5.

[38] *Id.,* ¶ 6.

[39] *Id.*

[40] *Id.,* ¶ 3.

[41] *Id.,* ¶ 30.

[42] *Id.*

expired."[43] *Mikrut* summarized *B.J.N.* as acknowledging that " 'we have consistently ruled that a court's loss of power *due to the failure to act within statutory time periods* cannot be stipulated to nor waived.' "[44]

¶ 73.   Thus the waiver rule of *Mikrut* does not, according to *Mikrut,* control the outcome of this case. The present case involves a statutory time period that *Mikrut* left undisturbed.

¶ 74.   The State provides no persuasive reason to extend *Mikrut* and overrule *B.J.N.*'s holding that "[a] dispositional order has no validity once the time period has elapsed."[45] We therefore abide by *Mikrut* and *B.J.N.*[46]

\* \* \* \*

¶ 75.   For the foregoing reasons, we hold that after a juvenile's one-year dispositional order expires, a circuit court may not grant a 30–day temporary extension of the order under Wis. Stat. § 938.365(6). Further,

---

[43] *Id.,* ¶ 12.

[44] *Id.,* ¶ 25 (quoting *B.J.N.,* 162 Wis. 2d at 656–57) (emphasis added in *Mikrut*).

[45] *B.J.N.,* 162 Wis. 2d at 658.

[46] An additional reason why *Mikrut*'s broad waiver rule does not operate in this case is that Michael S. challenged the loss of competency at the earliest possible time. The loss of competency in this case arose on October 24, 2002. The State could have petitioned for a temporary extension any time before October 23, 2002. Therefore, until the one-year dispositional order expired on October 23 without the juvenile court granting a temporary extension, there was no loss of competency for Michael S. to challenge. At the very first hearing after the loss of competency, before Judge Malmstadt, Michael S. expressed his desire to be released from control by the State.

consistent with caselaw, expiration of the one-year juvenile dispositional order cannot be waived. Because no 30–day temporary extension was granted prior to the expiration of the one-year dispositional order, the circuit court could not act with respect to Michael S. once the one-year dispositional order expired.

¶ 76. *By the Court.*—The decision of the court of appeals is reversed.

¶ 77. PATIENCE DRAKE ROGGENSACK, J. (*dissenting*). The majority opinion concludes that because the hearing on the State's petition to extend the supervision of Michael S. and to change placement was held one day after the date on which the majority opinion determined that the dispositional order expired, the court lost the authority to issue further orders in regard to Michael. Majority op., ¶ 3. I disagree with the majority's conclusion because the dispositional order had not expired prior to the extension of Michael's supervision on December 3, 2002. Accordingly, I conclude the order extending supervision and changing Michael's placement was a valid order. Therefore, I would affirm the court of appeals, although on different grounds, and I respectfully dissent from the majority opinion.

## I. BACKGROUND

¶ 78. The record shows that Michael was placed under court supervision by an order signed November 6, 2001.[1] That order was entered by the clerk on November 8, 2001. The original supervision order

---

[1] Michael was found delinquent for a weapons violation under Wis. Stat. § 948.60(2)(a) (2001–02). All further statutory references are to the 2001–02 version unless otherwise noted.

stated as follows: "The juvenile [is] placed under the supervision of the Milwaukee County Department of Human Services for a period of one (1) year expiring October 23rd, 2002."

¶ 79. On September 10, 2002, the county moved to extend the dispositional order for a year and to change placement. The county filed an amended permanency plan and a hearing on the county's motion was held September 26, 2002. Michael, his lawyer, an assistant district attorney and others were present, and discussed the petition.[2] When asked his position on the petition, Michael's lawyer said, "My client's position is he doesn't have a problem with extending probation, but he does not want to stay here in detention."

¶ 80. At the September 26 hearing, there was a request for a psychological exam for Michael, as he seemed unable to adapt to any of the previous placements—his aunt's home, his grandmother's home and his mother's home. The parties agreed the assessment should be done and the court so ordered. They then continued the hearing on the county's petition until October 2 to determine how best to proceed in light of the psychological exam.

¶ 81. The examination results were filed on September 30 and reviewed during the continued hearing on October 2. Because of the psychological report, the county made a primary recommendation of placement in "corrections" and a secondary recommendation of placement in a group home. The court then asked, "[W]hat are we setting this on for? Contest or what?" To which Michael's attorney responded, "I'm going to contest it at this point. . . . I'd probably like to get another

---

[2] Michael was then being held in detention because he was "AWOL" from his last court placement.

psych[] exam." The court, in consultation on the record with the attorneys, set October 24 as the date to continue the hearing. This was the first date the court had available on which all parties and their attorneys could attend.

¶ 82. At the hearing on October 24, 2002, all parties discussed possible placement options. No new psychological information was provided by Michael. However, the judge then presiding raised questions about the court's continuing jurisdiction. The matter was adjourned and rescheduled for a hearing on November 8, based on the court's calendar and the attorneys' availability. Again, questions of the court's authority were raised and the matter was rescheduled and adjourned, with the consent of all present, to November 26. On November 26, the circuit court made a definite decision on its authority to continue to make orders in regard to Michael and set an evidentiary hearing for December 3. At the conclusion of the December 3 hearing, the court extended supervision to October 23, 2003, and changed Michael's placement to the Ethan Allen School. An order to that effect was entered December 4, 2002.

## II. DISCUSSION

### A. Standard of Review

¶ 83. This case turns on questions of statutory interpretation to which we apply a de novo standard of review, but benefit from the analyses of both the circuit court and the court of appeals. *State v. Cole,* 2003 WI 59, ¶ 12, 262 Wis. 2d 167, 663 N.W.2d 700.

## B. Statutory Interpretation

¶ 84. The majority opinion mainly relies on its interpretation of the term "time limit," found in Wis. Stat. § 938.315(3), as compared with this court's earlier interpretation of "time limit" in *In re B.J.N.,* 162 Wis. 2d 635, 658, 469 N.W.2d 845 (1991), majority op., ¶¶ 52–62. In so doing, it assumed that the original dispositional order terminated October 23, 2002. I conclude that assumption is incorrect as a matter of law. In my view, the majority opinion failed to analyze the relevant statutes for determining when the order of supervision actually terminated; and therefore, it came to an incorrect conclusion about the validity of the order extending supervision and changing placement. Section 938.315(1) governs the date the original dispositional order terminated, as I explain below.[3]

¶ 85. In interpreting Wis. Stat. § 938.315(1), because we are examining a dispositional order, I begin with Wis. Stat. § 938.355(4)(a), which sets the statutory parameters for the termination of a dispositional order. For my interpretation of these statutes, I rely on our criteria of statutory interpretation set out in *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110. In *Kalal,* we explained that our focus was to determine "statutory meaning." *Id.,* ¶ 44. We explained that:

> [j]udicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute. We

---

[3] The applicability of Wis. Stat. § 938.315(1) was briefed by Michael. Additionally, I am aware that the State chose not to analyze the statute. However, we are not bound by concessions on legal issues that a party makes. *See Fletcher v. Eagle River Mem'l Hosp., Inc.,* 156 Wis. 2d 165, 178–80, 456 N.W.2d 788 (1990).

assume that the legislature's intent is expressed in the statutory language. Extrinsic evidence of legislative intent may become relevant to statutory interpretation in some circumstances, but is not the primary focus of inquiry. It is the enacted law, not the unenacted intent, that is binding on the public. Therefore, the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect.

*Id.* As we have said many times, we begin with the language used in the statute and if that language is plain and clearly understood, we ordinarily stop our inquiry. *Seider v. O'Connell,* 2000 WI 76, ¶¶ 44–53, 236 Wis. 2d 211, 612 N.W.2d 659. Context is also important when determining the plain meaning of a statute, as is the purpose of the statute and its scope, if those qualities can be ascertained from the language of the statute itself. *Kalal,* 271 Wis. 2d 633, ¶¶ 46–48. These are all intrinsic sources for statutory interpretation. *Id.*

¶ 86. However, if the meaning of the statute is not plain and the statute "is capable of being understood by reasonably well-informed persons in two or more senses," then the statute is ambiguous. *Id.,* ¶ 47. When a statute is ambiguous, we often consult extrinsic, "interpretive resources outside the statutory text," such as legislative history. *Id.,* ¶ 50.

1. Wisconsin Stat. § 938.355(4)(a)

¶ 87. The original dispositional order that was entered November 8, 2001, placed Michael in the home of his aunt. The time requirement in regard to the order's duration is set out in Wis. Stat. § 938.355(4)(a):

an order under this section . . . that places or continues the placement of the juvenile in . . . the home of a relative other than a parent shall terminate when the

juvenile reaches 18 years of age, at the end of one year after its entry, . . . whichever is later, unless the court specifies a shorter period of time or the court terminates the order sooner.

As shown by the quote above, part of § 938.355(4)(a) that applies to a child placed outside of his or her home envisions dispositional orders that do not end until the child is 18 years of age because the statute directs that the order terminates *at the later of* when the child is 18 or one year has passed. The statute also provides that a court may specify a different time period or may terminate the disposition at a date earlier than that specified in the order.

¶ 88.    The order imposing supervision on Michael does not fall within the phrase in Wis. Stat. § 938.355(4) that would permit it to run until Michael turned 18 because the circuit court took advantage of an alternate choice. Instead, the order gave more specific directions in regard to its duration, as the statute permits. However, if we look only to the face of the order, its directives are ambiguous in regard to when supervision terminates. For example, the order states it is "for a period of one (1) year," which would cause it to expire on November 7, 2002, because the order has a stamp on it showing it was "entered" on November 8, 2001. However, the order also states that placement under supervision is, "expiring October 23rd, 2002," which arguably sets October 23, 2002 as the termination of supervision. This ambiguity does not require resolution, however, because the directives in the order do not answer the question of when the original supervision ended. And as I explain below, no matter which date one chooses, the order extending supervision and changing placement was timely. I look first to the effect of relevant tolling provisions of Wis. Stat. § 938.315(1) on the duration of the dispositional order.

2. Wisconsin Stat. § 938.315(1)

¶ 89.   Wisconsin Stat. § 938.315(1) states in relevant part:

> The following time periods shall be excluded in computing time requirements within this chapter:
>
> (a) Any period of delay resulting from other legal actions concerning the juvenile, including an examination under s. 938.295 . . .
>
> (b) Any period of delay resulting from a continuance granted at the request of or with the consent of the juvenile and counsel.
>
> . . .
>
> (dm) Any period of delay resulting from court congestion or scheduling.

Section 938.315(1) excludes "time periods" that would otherwise apply when computing any "time requirement" found within ch. 938. Therefore, it is a tolling provision relating to ch. 938. As an initial matter, whether § 938.315(1) applies depends upon the meaning of "time periods" and "time requirements." These are not defined in ch. 938, nor are they technical terms. Accordingly, it is appropriate to consult dictionary definitions. *Kalal,* 271 Wis. 2d 633, ¶¶ 53, 54.

¶ 90.   Black's Law Dictionary defines "time" as, "A measure of duration." *Black's Law Dictionary* 1520 (8th ed. 2004). Black's does not define "period" or "requirement." A dictionary of common usage defines "time" as, "the measured or measurable period during which an action, process, or condition exists or continues." *Webster's New Collegiate Dictionary* 1222 (1974 ed.). It lists "duration" as a synonym. *Id.* Webster's defines

"period" as an "interval," *id.* at 852, and "requirement" as "something . . . needed," *id.* at 983.

¶ 91.  I conclude that the plain meaning of "time periods" in Wis. Stat. § 938.315(1) is an interval or measure of duration set out in paragraphs (a) through (i) of subsection (1) because the statute directs that it is the "*following* time periods" to which the statute's tolling provision refers. Michael argues that the tolling effect of § 938.315(1) applies only to a temporary extension of a dispositional order. However, the plain meaning of the statute is inconsistent with his interpretation. This is so because the time periods described in paragraphs (a) to (i) concern many occurrences that would not be ordered or concluded within a 30–day extension.

¶ 92.  Additionally, the plain meaning of "time requirements" is more broad than the plain meaning of "time periods" because the "time requirements" of Wis. Stat. § 938.315(1) encompass all measures of duration that are required by any part of ch. 938. Here, the measure of duration of a dispositional order is set by the combination of Wis. Stat. § 938.355(4)(a) and the circuit court's dispositional order entered in compliance with that statute. Therefore, although I do not disagree with Michael's conclusion that § 938.315(1) permits the tolling of a 30–day extension of a dispositional order as set out in Wis. Stat. § 938.365(6), there is nothing in the words chosen by the legislature that so limits its use. To the contrary, § 938.315(1) applies whenever the circuit court or a statute has set any time requirement within ch. 938.

¶ 93.  In my review of the "time periods" listed in Wis. Stat. § 938.315(1), I have concluded that the facts presented in the record implicate the tolling provisions of paragraphs (a), (b) and (dm). Paragraph (a) speaks to

40

"periods of delay" for an examination under Wis. Stat. § 938.295, which includes psychological examinations. Paragraph (b) speaks to "periods of delay" that result from continuances granted either at the request of the juvenile and his counsel or with their consent, and paragraph (dm) addresses "periods of delay" resulting from court congestion or scheduling.

¶ 94. In order to determine whether a Wis. Stat. § 938.315(1) "period of delay" occurred, I examine the record subsequent to September 10, 2002, when the county filed its petition to extend Michael's supervision and to change his placement. First, a hearing was held on the county's petition on September 26, 2002, well within the date the majority opinion chose for the expiration of the dispositional order. At that hearing Michael's counsel explained that he did not object to the extension of supervision. However, all agreed that a psychological exam of Michael was necessary in order to assess an appropriate placement. The court ordered the examination and October 2 was selected, before the hearing was adjourned, as the date to determine whether placement would be contested. The adjournment and the date to reconvene were agreed to by Michael and his attorney. Accordingly, I conclude that the "period of delay" in deciding the petition, from September 26 to October 2, was the result of a continuance granted with the consent of Michael and his counsel. Therefore, § 938.315(1)(b) applies, and the dispositional order is tolled from September 26 until October 2, a period of 6 days.[4] If nothing further had

---

[4] The time period from the September 26 hearing to the filing of the psychological exam report on September 30 is also tolled under Wis. Stat. § 938.315(1)(a); however, that provision is not necessary to my decision because § 938.315(1)(b) applies and covers a longer period of time.

occurred, the order for supervision could not have terminated earlier than October 29, 2002.[5]

¶ 95. When the hearing was reconvened on October 2, based on the results of the report of psychological examination, the county requested placement at Ethan Allen School. Because Michael did not want to be placed at Ethan Allen School, his counsel contested placement. The court then worked with counsel and the court's calendar and scheduled October 24 as the date to reconvene the hearing on the county's petition. The October 24 time and date were agreed to by Michael and his counsel. It was also the first date the court's calendar permitted sufficient time for a contested hearing on which the attorneys could attend. Wisconsin Stat. § 938.315(1)(dm) tolls the order of supervision for "Any period of delay resulting from court congestion or scheduling." It is uncontested that court congestion and scheduling were the reasons for the choice of October 24 as the adjourned date for the pending petition.[6] Accordingly, the dispositional order was tolled for 22 more days. If nothing further had occurred, the order for supervision could not have terminated earlier than November 20, 2002.

---

[5] I realize that Wis. Stat. § 938.315(2) requires a showing of good cause in open court or during a telephone conference in order for a continuance to be granted. The circuit court later spoke to good cause, but even if the court had not done so, the record is sufficient to find good cause for the adjournment as a matter of law. *See Vocational, Technical & Adult Educ., Dist. 13 v. DILHR,* 76 Wis. 2d 230, 240, 251 N.W.2d 41 (1977) (concluding that when there is only one reasonable inference to be drawn that inference becomes a question of law).

[6] When re-examining what occurred on October 2 on November 26, the court said, "we just said next available date is October 24th and October 24th turned out one—to be one day beyond the expiration of the order. ... So clearly one of the good causes in .315(1), kicks in."

¶ 96. When the hearing was reconvened on October 24, the judge who presided at that hearing questioned whether the court had the power to order an extension of supervision and a change in placement, as the majority opinion notes. Majority op., ¶ 17. Accordingly, no testimony was presented on the pending petition. However, later on October 24, the original presiding judge reviewed the record and concluded the court had jurisdiction. The court then immediately set a hearing date for November 8, to which Michael and his attorney agreed. Accordingly, the dispositional order was tolled for 15 more days. If nothing further had occurred, the order for supervision could not have terminated earlier than December 5, 2002.

¶ 97. However, when the hearing was reconvened on November 8, the original presiding judge was not able to be present so a second substitute judge presided. That judge also questioned whether the court had the power to make further orders. He determined he could not decide that question without a transcript. After considerable discussion with Michael, his counsel and the calendar clerk for the original presiding judge, the then-presiding judge had the matter rescheduled with the original presiding judge for November 26. In regard to choosing this date, the then presiding judge stated, "We'll try to get a date real quick in front of Judge Foley." The clerk suggested, "November 25th at 10?" However, Michael's attorney was not available on November 25 so the November 26 date was chosen as the first date all would be available to reconvene the hearing on the county's petition. Accordingly, the dispositional order was tolled for 18 more days. If nothing further had occurred, the order for supervision could not have terminated earlier than December 23, 2002.

43

¶ 98.   When the hearing reconvened on November 26, the court first made a conclusive determination that it had the power to continue to make orders in regard to Michael's supervision. It relied on its interpretations of Wis. Stat. § 938.365(6) and Wis. Stat. § 938.315(1). The circuit court explained, "I think as of October 24th, each and every delay has been governed by 938.315(1), 938.315 probably (1) and (2)." The court then scheduled December 3 to reconvene for an evidentiary hearing. All parties again agreed to the date on the record. Accordingly, the dispositional order was tolled for 7 more days. If nothing further had occurred, the order for supervision could not have terminated earlier than December 30, 2002.

¶ 99.   When the hearing reconvened on December 3, evidence regarding an appropriate disposition was presented. There was no evidence presented that Michael should not be continued in supervision. Instead, in closing argument Michael's attorney said, "there is no doubt that he needs additional help, guidance, counseling, therapy, whatever. I think we all agree with that. The whole point is where?" At the conclusion of the hearing, the court ordered supervision extended to October 23, 2003 and changed Michael's placement to the Ethan Allen School. The court's order was reduced to writing and entered on December 4, 2002, well before the dispositional order's termination date of December 30, 2002.

### III. CONCLUSION

¶ 100.   While I do not disagree with the majority opinion's statement that the "expiration date of a dispositional order was to ensure the protection of a juvenile's due process rights," majority op., ¶ 51, it begs

the question for a juvenile who is in serious need of assistance from the juvenile court and the county is actively attempting to obtain what it has determined he needs. Here, the circuit court, the county and all attorneys were diligent in trying to determine what services would best help Michael. However, that determination could not be made in one hearing. The legislature recognized that there would be times when flexibility in scheduling would be required, as the plain meaning of Wis. Stat. § 938.315(1) shows. Because I conclude that the order extending supervision and changing placement was timely made, it is a valid order.

¶ 101.   Therefore, I respectfully dissent from the majority opinion that simply assumes the original order of supervision had expired before the order extending supervision and changing placement was made.

¶ 102.   I am authorized to state that Justices JON P. WILCOX and DAVID T. PROSSER join this dissent.