IN RE the TERMINATION OF PARENTAL RIGHTS TO
JOSHUA S., a Person Under the Age of 18:

SHEBOYGAN COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner-Respondent,†

v.

MATTHEW S., Respondent-Co-Appellant,

RACHEL B., Respondent-Appellant-Petitioner.

Supreme Court

*No. 2004AP901. Oral argument April 29, 2005.
—Decided June 22, 2005.*

2005 WI 84

(Also reported in 698 N.W.2d 631.)

† Motion for reconsideration denied 10-17-05.

150

For the respondent-appellant-petitioner there were briefs by *John J. Grau* and *Grau Law Office,* Waukesha, and oral argument by *John J. Grau.*

For the petitioner-respondent the cause was argued by *Mary T. Wagner,* assistant district attorney, with whom on the brief was *Joseph DeCecco,* district attorney.

¶ 1. N. PATRICK CROOKS, J.   Petitioner Rachel B. seeks review of an unpublished decision of the court of appeals affirming an order of the Sheboygan County Circuit Court for the termination of her parental rights to Joshua S. Rachel B. argues on appeal that the circuit court lost competency to terminate her parental rights, because it violated the mandatory statutory time limitation set forth in Wis. Stat. § 48.422(2) (2003–04).[1] The issue before this court is whether a competency challenge based on the violation of the statutory time limitation is waived if not first made before the circuit court.

¶ 2.   We conclude such a competency challenge based on the violation of the statutory time limitation of Wis. Stat. § 48.422(2) cannot be waived, even though it was not raised in the circuit court. The court of appeals erred in extending the holding in *Village of Trempealeau v. Mikrut,* 2004 WI 79, 273 Wis. 2d 76, 681

---

[1] Unless otherwise indicated all references to the Wisconsin Statutes are to the 2003–04 edition.

Wisconsin Stat. § 48.422(2) states: "If the petition is contested the court shall set a date for a fact-finding hearing to be held within 45 days of the hearing on the petition, unless all of the necessary parties agree to commence with the hearing on the merits immediately."

N.W.2d 190, to violations of such a mandatory statutory time limitation under Wis. Stat. ch. 48. The circuit court did not hold the fact-finding hearing within the time limits established by § 48.422(2), and never granted a proper extension or continuance pursuant to Wis. Stat. §§ 48.315(1)(a) and (2),[2] and thus it lost competency to proceed before it ordered the termination of Rachel B.'s parental rights. Accordingly, we reverse the decision of the court of appeals, which had affirmed the order of the circuit court.

I

¶ 3.   Rachel B. gave birth to Joshua S. on October 10, 2001. On November 30, 2001, the circuit court determined that Joshua S. was at risk of physical abuse and in need of protection or services, pursuant to Wis. Stat. §§ 48.13(3m) and (10). The court ordered that Joshua S. be placed in a licensed foster home and imposed Children in Need of Protection or Services (CHIPS) conditions on Rachel B. and her husband, Ronald B. Ronald B. was presumed to be Joshua S.'s father, as he and Rachel B. were married at the time of conception. However, in January 2002, the Sheboygan County Circuit Court adjudicated Matthew S. as Joshua

---

[2] "The general requirements of § 48.315(2) control all extensions of time deadlines under the Children's Code." *State v. April O.,* 2000 WI App 70, ¶ 5, 233 Wis. 2d 663, 607 N.W.2d 927.

Wisconsin Stat. § 48.315(2) states: "A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases."

S.'s biological father.[3] On January 8, 2002, Matthew S. began serving a ten-year prison sentence for the child abuse of Joshua S.'s half-brother.

¶ 4. On March 7, 2003, the social worker in Joshua S.'s case filed a Termination of Parental Rights (TPR) petition in regard to Rachel B. and Matthew S., pursuant to Wis. Stat. § 48.415(2).[4] The petition stated the following:

> Because of Matthew [S.'s] long-term incarceration and his previous violent behavior towards Joshua's half-brother, and because of [Rachel B.'s] inability to meet the conditions of the court order for well over a year and her lack of progress, it appears unlikely that either parent will be able to meet the conditions for the safe return of [Joshua S.] to their home within a one year period of any fact-finding hearing in this matter.

¶ 5. The circuit court appointed an attorney for Rachel B. and then conducted the initial hearing on the petition on March 27, 2003. The attorney for Rachel B. denied the grounds for termination of her parental rights. At this hearing, Matthew S.'s attorney denied the grounds for termination, discussed the possibility of a separate trial, indicated that he was planning to file a motion for severance, and stated that he would waive the time limits if the motion was granted.

---

[3] On September 5, 2002, the circuit court granted the Sheboygan County's Department of Social Services petition to amend the CHIPS order to reflect the change in paternity.

[4] The social worker first filed a petition to terminate Matthew S.'s parental rights on March 20, 2002, pursuant to the child abuse section of the Children's Code, Wis. Stat. § 48.415(5)(a). This petition was dismissed on April 2, 2002, because Matthew S. still had appeals pending for his child abuse conviction.

¶ 6.    Since the TPR petition was contested, there was a need to set a fact-finding hearing, pursuant to Wis. Stat. § 48.422(2). The circuit court originally scheduled this hearing before a jury for April 29 and 30, 2003, which fell well within the 45–day time period required by § 48.422(2). In a letter dated April 3, 2003, the deputy district attorney requested that the hearing be rescheduled, as he had a TPR trial scheduled for April 30 in another branch of the court. Matthew S.'s attorney also sent a letter to the court asking it to adjourn the hearing, as he would not be able to obtain a hearing date on a motion for severance before April 29 and 30. He also stated that he had scheduling conflicts on April 29.

¶ 7.    Pursuant to these requests, the court notified the parties on April 4, 2003, that the fact-finding hearing was rescheduled for June 17 and 18, 2003. None of these actions occurred in open court or during a telephone conference on the record. On April 15, 2003, Matthew S. moved for severance of respondents, and thus for separate trials. The court scheduled a hearing for this motion on May 19, 2003. After these hearings were scheduled, Rachel B.'s attorney indicated that he had a conflict with the case and could no longer continue as her attorney. On April 23, 2003, a new attorney was appointed to represent Rachel B. Soon after his appointment, Rachel B.'s new attorney indicated that he had a scheduling conflict with the motion for severance hearing on May 19, and also asked for a rescheduling of the June 17 and 18 fact-finding hearing. With the court's permission, Rachel B.'s attorney participated in the May 19 motion hearing via telephone. At that hearing, the circuit court, John D. Murphy, Judge, denied Matthew S.'s motion for severance. The court referred counsel to the court clerk to schedule the

fact-finding hearing before a jury. On June 4, 2003, the court notified the parties that the fact-finding hearing was rescheduled for November 18 and 19, 2003.

¶ 8.   On June 12, 2003, the deputy district attorney moved the court for a new hearing date, expressing concern about the 45–day constraints set forth in Wis. Stat. § 48.422(2). The circuit court heard and granted this motion on June 27, 2003, and moved the dates for the fact-finding hearing to August 7 and 8, 2003. Rachel B.'s attorney informed the court that he would be unavailable to represent her on those dates, and was later unsuccessful in finding a replacement. As a result, the court apparently took the fact-finding hearing off the calendar and scheduled a status conference for July 30, 2003.

¶ 9.   While no record was made of that status conference, it appears that the court held another status conference on August 7, 2003, and rescheduled the fact-finding hearing for September 17, 2003. Prior to that hearing date, Judge Thomas S. Williams was substituted in place of Judge Terence J. Bourke, and a new attorney was appointed for Rachel B.

¶ 10.   In accord with a conference call on August 28, 2003, the court held a motion hearing on September 12, 2003, to address various motions. The court granted severance of Matthew S.'s fact-finding hearing from Rachel B.'s. Although another formal motion was not made to that effect, all of the parties agreed to severance, and the circuit court accepted the stipulation.

¶ 11.   Matthew S.'s fact-finding hearing was then scheduled for September 17, 2003. At his hearing, all four special verdict questions were answered in the affirmative, thus indicating, among other things, that he would not be able to meet the CHIPS conditions within the 12–month period after the hearing. Rachel

B.'s fact-finding hearing was postponed until October 15, 16, and 17, 2003. At her hearing, all four special verdict questions were also answered in the affirmative.[5]

¶ 12.  On October 30, 2003, the circuit court entered a dispositional order terminating the parental rights of both Matthew S. and Rachel B., pursuant to these jury verdicts. The record does not indicate that either the parents or Sheboygan County or the guardian ad litem raised the issue regarding the circuit court's competency to hear the cases. Both Matthew S. and Rachel B. timely appealed.

¶ 13.  On appeal, Rachel B. argued that, pursuant to Wis. Stat. § 48.422(2), the circuit court lost competency to proceed with her case on May 12, 2003, 45 days after the initial hearing on the termination petition. Because her fact-finding hearing did not occur until October 15, 16, and 17, 2003, she claimed that the court did not have competency to order the termination of her parental rights. In an unpublished opinion, the court of appeals affirmed the termination of her parental rights

---

[5] The four special verdict questions were as follows:

1. Has [Joshua S.] been adjudged to be in need of protection or services and placed outside the home for a cumulative total period of six months or longer pursuant to one or more court orders containing the termination of parental rights notice required by law?

2. Did the Sheboygan County Department of Social Services make a reasonable effort to provide the services to assist [Rachel B.] in meeting the conditions for the return of the child?

3. Has [Rachel B.] failed to meet the conditions for the safe return of [Joshua S.] to her home?

4. Is there a substantial likelihood that [Rachel B.] will not meet these conditions within the twelve-month period following the conclusion of this hearing?

158

on August 25, 2004. Court of appeals Judge Richard S. Brown, relying on *Village of Trempealeau v. Mikrut,* held that Rachel waived her claim by not raising it before the circuit court. The court extended the holding in *Mikrut* to competency challenges based on the violation of the statutory time constraints at issue. As a result, the court of appeals affirmed the order of the circuit court terminating Rachel B.'s parental rights to Joshua S.

¶ 14. Rachel petitioned this court to review the decision of the court of appeals, and we granted her petition and now reverse.

## II

¶ 15. The issue we address is whether a competency challenge based on the violation of the statutory time limitation of Wis. Stat. § 48.422(2) of the Children's Code is waived, even though it was not raised in circuit court. This presents a question of law. We therefore review this question de novo, benefiting from the analyses of the circuit court and court of appeals. *See Mikrut,* 273 Wis. 2d 76, ¶ 7; *State v. Kywanda F.,* 200 Wis. 2d 26, 32–33, 546 N.W.2d 440 (1996).

¶ 16. Competency has been defined as the court's power to exercise subject matter jurisdiction. *Kohler Co. v. Wixen,* 204 Wis. 2d 327, 337, 555 N.W.2d 640 (Ct. App. 1996). The concept of competency is narrower than that of subject matter jurisdiction, because while the constitution confers subject matter jurisdiction on the courts, the state legislature may limit the ability of the courts to exercise that power by statute. *See* Wis.

Const. art. VII, § 8; Wis. Stat. § 801.04. "Such a legislative enactment affects that court's competency to proceed rather than its subject matter jurisdiction. *Cepukenas v. Cepukenas,* 221 Wis. 2d 166, 170, 584 N.W.2d 227 (Ct. App. 1998). Competency is of central importance in this case, since the failure to comply with mandatory time limits under the Children's Code may result in the loss of the circuit court's competency to proceed. *State v. April O.,* 2000 WI App 70, 5, 233 Wis. 2d 663, 607 N.W.2d 927.

¶ 17.  The legislative history of the Children's Code has been summarized previously by Wisconsin courts, so it is unnecessary that we provide great detail here. *In re B.J.N.,* 162 Wis. 2d 635, 645, 469 N.W.2d 845 (1991); *see also In re R.H.,* 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988). However, we do highlight some important revisions, in order to clarify the legislative intent behind the statutory time limits at issue. When the Children's Code was first enacted, "there were 'no statutorily authorized time limits for the processing of cases in the juvenile court,' the lack of which often resulted in an abuse of detention." *B.J.N.,* 162 Wis. 2d at 646 (citing Wisconsin Council on Criminal Justice, *Juvenile Justice Standards and Goals* 81 (Dec. 1975)). In 1977 and 1979, however, the Code was substantially revised to include numerous time limitations, which were established to protect constitutional due process rights. *B.J.N.,* 162 Wis. 2d at 646; *R.H.,* 147 Wis. 2d at 27–31. "The legislative history of the Children's Code shows that the legislature considers that strict time limits between critical stages within the adjudication process are necessary to protect the due process rights of children and parents." *R.H.,* 147 Wis. 2d at 33.

¶ 18.  As stated above, the time limit in this case requires that a fact-finding hearing be held within 45

days of a party contesting the petition for termination of parental rights. Wis. Stat. § 48.422(2). While all time limits set forth in the Children's Code are intended to be mandatory, the legislature provided that noncompliance with the time limits may not always result in the loss of competency. *See April O.*, 233 Wis. 2d 663, ¶ 5. Time limits under Wis. Stat. ch. 48 may be delayed, continued, or extended, pursuant to Wis. Stat. § 48.315.

¶ 19.   Sheboygan County argues that here the application of Wis. Stat. § 48.315 extended the circuit court's competency to terminate Rachel B.'s parental rights. Specifically, it argues that the 45–day time limit mandated by Wis. Stat. § 48.422(2) was tolled by Matthew S.'s motion for severance, pursuant to § 48.315(1)(a). This statute reads:

> (1) The following time periods shall be excluded in computing time requirements within this chapter:
>
>  (a) Any period of delay resulting from other legal actions concerning the child or the unborn child and the unborn child's expectant mother, including an examination under s. 48.295 or a hearing related to the mental condition of the child, the child's parent, guardian or legal custodian or the expectant mother, prehearing motions, waiver motions and hearings on other matters.

According to Sheboygan County, the effect of Matthew S.'s motion for severance, in light of this statute, was to toll the 45–day time limit for an additional 34 days, expanding the statutory deadline to June 13, 2003.

¶ 20.   Sheboygan County also argues that the circuit court properly continued the case for good cause, pursuant to Wis. Stat. § 48.315(2). It contends that at the hearing on the motion for severance on May 19,

2003, the court noted on the record that there were scheduling conflicts and that the fact-finding hearing would need to be postponed. Sheboygan County argues that these scheduling conflicts constituted good cause, thus triggering a permitted continuance under § 48.315(2).

¶ 21. In opposition to this argument, Rachel B. claims that the court lost competency when it violated the time limitation set forth in Wis. Stat. § 48.422(2), and that this deadline was never properly continued nor the time period tolled. In response to Sheboygan County's first argument, that Matthew S.'s motion for severance tolled the statute, Rachel B. contends that the filing of this motion had no effect on the violation of the mandatory time limit. In Wis. Stat. § 48.315(1)(a), the statute excludes "any period of delay resulting from other legal actions concerning the child" when computing time requirements within the Children's Code. Rachel B. argues that because the motion for severance was not filed until after the court had already extended the time for the fact-finding hearing, the period of delay could not be "resulting from" Matthew S.'s motion.

¶ 22. We agree with Rachel B. that Matthew S.'s motion for severance did not toll the statutory time limit set forth in Wis. Stat. § 48.422(2). Because the initial appearance was held for both Rachel B. and Matthew S. on March 27, 2003, and the petition was contested at that time, the statutory deadline for the fact-finding hearing was May 12, 2003. However, on April 3, 2003, the court rescheduled the fact-finding hearing to June 18, 2003. Matthew S. did not file his motion for severance until April 15, 2003, after the fact-finding hearing had already been rescheduled. As a result, the delay in the fact-finding hearing did not

result from the filing of the severance motion.[6] Because the motion for severance was filed after the fact-finding hearing was already rescheduled, Sheboygan County's argument is not persuasive.[7]

■

¶ 23.  In response to Sheboygan County's second argument, Rachel B. contends that there never was a continuance of the fact-finding hearing, in accord with Wis. Stat. § 48.315(2). She argues that the circuit court failed to acknowledge in open court or in a telephone conference on the record that the hearing was continued for good cause, as is required by the statute. She also relies on the court of appeals' decision in *April O*. In *April O.*, the parents argued on appeal that the circuit court did not have competency to terminate their parental rights, since the circuit court failed to hold their initial and dispositional hearings within the mandatory time limits set forth in Wis. Stat. §§ 48.422 and 48.424(4) (1997–98). *April O.*, 233 Wis. 2d 663, ¶ 5. In that case, the circuit court determined on the record that good cause existed to extend the time limits,

---

[6] It should also be noted that the attorney for Matthew S. was directed at the March 27 hearing to make his motion for severance within the 45–day time limit. Judge Murphy stated: "We have 45 days to do this. Make your motion."

[7] Even if we agreed with Sheboygan County that the statute was properly tolled, the statutory time limit was still violated, and the court lost competency to proceed. Matthew S.'s motion for severance, if it tolled the statute, would have extended the time to hold the fact-finding hearing by 34 days, to June 13, 2003. Thirty-four days was the amount of time that elapsed between the filing of the motion on April 15, 2003, and the date of the motion hearing, May 19, 2003. Regardless, the record indicates that Rachel B.'s fact-finding hearing did not commence until October 15, 2003. This date falls well outside the 45–day time limit mandated by Wis. Stat. § 48.422(2).

163

pursuant to Wis. Stat. § 48.315(2), but it did so only after the time limits had already expired. The court of appeals therefore concluded that "[o]nce a court has lost competency it cannot, in a later proceeding, find good cause for a delay and thereby restore competency." *Id.*, ¶ 10. Accordingly, the court of appeals determined that the circuit court had lost competency to proceed and vacated the termination order of the circuit court.

¶ 24.   We agree with Rachel B. that the there was no determination of good cause in open court or during a telephone conference on the record. In this case, similar to *April O.*, the circuit court did not make a finding of good cause during the March 27, 2003 hearing. When the fact-finding hearing was rescheduled for the first time on April 4, 2003, and set for June 17, 2003, that date was outside of the statutorily required 45 days. The court notified the parties by letter, without a showing of good cause in open court or during a phone conference on the record. On March 27, 2003, the only mention of a potential scheduling problem was when Matthew S.'s attorney raised the possibility of severance, and the circuit court noted that the fact-finding hearing had to be held within 45 days. Therefore, when the time limit expired without a continuance in accord with Wis. Stat. § 48.315(2), the circuit court lost competency to proceed. In other words, "the circuit court never granted a continuance at any proceeding before the time limits expired and therefore did not do so in open court and in a 'timely manner.' " *April O.*, 233 Wis. 2d 663, ¶ 10.[8] Accordingly, Sheboygan County's argu-

---

[8] We do not decide whether the scheduling conflicts, noted on the record at later hearings, would have constituted good cause for a continuance. Such a determination distinguishes this case from *State v. Quinsanna D.*, 2002 WI App 318, 259 Wis.

ments to extend the competency of the court, pursuant to Wis. Stat. § 48.315(2), fails.

■

¶ 25.   Sheboygan County next argues that the court of appeals correctly applied *Village of Trempealeau v. Mikrut* in determining that a challenge to a circuit court's competency is waived if not raised in the circuit court. In *Mikrut,* the defendant was adjudged guilty of 21 violations of local ordinances. On appeal, he argued that defects in the issuance of these citations caused the circuit court to lack competency, and that the judgments against him thus were void. *Mikrut,* 273 Wis. 2d 76, ¶ 6. This court held that competency does not equate to subject matter jurisdiction, and that such a challenge to the circuit court's competency is waived if not raised in the circuit court. *Id.,* ¶ 3. "The *Mikrut* court, however, backed off from adopting a categorical rule that all competency objections must be made at circuit court or be waived." *State v. Michael S.,* 2005 WI 82, ¶ 71, 282 Wis. 2d 1, 698 N.W.2d 673 (citing *Mikrut,* 273 Wis. 2d 76, ¶ 30).

¶ 26.   Rachel B., on the other hand, argues that the court of appeals misinterpreted the holding in *Mikrut* and improperly extended the waiver rule. She contends that this issue should be controlled by our decision in *B.J.N.* In that case, a petition was filed to

2d 429, 655 N.W.2d 752, and other cases where scheduling conflicts were discussed on the record, within the statutory time limit.

We also recognize that on February 9, 2005, this court granted a petition for review in *State v. Robert K.,* 2004AP2330 consolidated with 2004AP2331. That case similarly involved a competency challenge based on a violation of Wis. Stat. § 48.422(2). That case is somewhat different than the one at issue here.

extend a dispositional order beyond the 30–day extension allowed by Wis. Stat. § 48.365(6) (1987–88). *B.J.N.*, 162 Wis. 2d at 643. This court held that such an extension was not proper and, with regard to the issue of waiver, concluded that "a party cannot waive the right to object to a court's loss of competence once the 30–day extension has passed without a hearing." *Id.* at 658. In so holding, the court emphasized that "[a]n objecting party's failure to expressly raise the loss of competence at the earliest available moment cannot revive an order which has expired and no longer carries any force of law." *Id.* Rachel B. argues that this reasoning should be applied to similar mandatory statutory time limits within the Children's Code, such as the 45–day deadline set forth in Wis. Stat. § 48.422(2).

¶ 27.  In our analysis of the waiver rule, we recognize that the *Mikrut* court did not address whether mandatory statutory time limitations can be waived. In that case, this court stated:

> [T]here is an established line of cases holding, in conclusory fashion, that competency challenges premised upon noncompliance with mandatory statutory time limitations cannot be waived. Because the competency challenge in this case is not premised upon noncompliance with statutory time limitations, we do not address the issue of waiver in this context except to note that these cases appear to simply perpetuate by rote the rule in older case law that statutory time limitations are "jurisdictional" and therefore cannot be waived.

*Mikrut,* 273 Wis. 2d 76, ¶ 3 n.1 (citation omitted).

¶ 28.  Although we acknowledged in *Mikrut* that there was case law holding that mandatory statutory time limitations under Wis. Stat. ch. 48 cannot be waived, we noted some concern with the continued

viability of such case law. *Mikrut,* 273 Wis. 2d 76, ¶ 12 n.4. Pursuant to this concern, the *Mikrut* court highlighted recent legislation, particularly Wis. Stat. § 48.315(2m)(b). This amendment to § 48.315, discussed in *Mikrut,* specifies that "failure to comply with time limits specified in par. (a) does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction." Wis. Stat. § 48.315(2m)(b).

¶ 29. The court of appeals interpreted *Mikrut* as controlling the case before us. Relying on *Mikrut,* the court of appeals held that Rachel B.'s competency challenge came too late, because it was not raised in the circuit court. *Sheboygan County v. Matthew S.,* No. 2004AP901, unpublished slip op., ¶ 25 (Wis. Ct. App. Aug. 25, 2004). The court's rationale for extending *Mikrut* was as follows:

> *Mikrut* purported not to extend its holding to competency challenges based on violations of mandatory statutory time limitations, which were not at issue in that case. However, the sweeping language of that holding convinces us that the court would do so in a case where the issue was properly raised. Because we therefore conclude that it meant to sub silentio overrule all cases necessitating a contrary result, this court cannot in good conscience decline to follow *Mikrut* in this case.

*Id.,* ¶ 25 (footnotes omitted).

¶ 30. We agree with Rachel B. that the waiver rule adopted in *Mikrut* does not extend to this case. In *Mikrut,* we declined to overrule *B.J.N.* or its progeny, and specifically refrained from extending our holding to cases involving competency challenges based on violations of statutory time limitations. *See Mikrut,* 273 Wis. 2d 76, ¶ 3 n.1. "Thus, the waiver rule of *Mikrut* does

not, according to *Mikrut,* control the outcome of this case. The present case involves a statutory time period that *Mikrut* left undisturbed." *Michael S.,* 282 Wis. 2d 1, ¶ 73. We therefore conclude, consistent with *Michael S., Mikrut,* and *B.J.N.,* that a competency challenge such as the one here, based on the court's failure to act within the statutory time periods listed within Wis. Stat. ch. 48, cannot be waived, even though it was not raised in the circuit court.

■

¶ 31.  We also conclude that recent changes to the Children's Code do not affect our decision in this case, nor did the changes overrule *B.J.N.* and *April O.* sub silentio. Both the court of appeals and Sheboygan County noted that since those cases were decided, the Wisconsin Legislature has amended Wis. Stat. § 48.315 to specify that the "failure to comply with time limitations for continuances, extensions of time or periods of delay in Ch. 48 'does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction. . . .' " *See Mikrut,* 273 Wis. 2d 76, ¶ 12 n.4; Wis. Stat. § 48.315(2m)(b). In doing so, Sheboygan County contends that the legislature clearly intended to afford competency to courts after violations of any time limit within Wis. Stat. ch. 48.

¶ 32.  Rachel B., on the other hand, argues that the court of appeals did not properly interpret and apply the recent amendment to Wis. Stat. § 48.315 and its effect on competency. She contends that because *Mikrut* omitted language from the statutory text, that the court of appeals inappropriately broadened the scope of the statute. We agree. The *Mikrut* court left out the first line of § 48.315(2m)(b) when it discussed the new legislation and its effect on competency. The first line of the statutory language in subsection (2m)(b) is

as follows: "Failure to comply with any time limit specified in *par. (a)*. . . ." Wis. Stat. § 48.315(2m)(a) (emphasis added). Thus, only a failure to comply with the time limits in subsection (2m)(a)1. and 2. will trigger the application of subsection (2m)(b), and thus save the court's personal or subject matter jurisdiction or competency to exercise that jurisdiction.

¶ 33. The text of Wis. Stat. § 48.315(2m)(a) does not mention the mandatory statutory time limit presented in this case. Here, the time limit in question is the 45–day period between the March 27 date, where the petition for termination of parental rights was contested, and the date that the fact-finding hearing was to be held. In contrast, Wis. Stat. § 48.315(2m)(a) only applies to the following:

> No continuance or extension of a time limit specified in this chapter may be granted and no period of delay specified in sub. (1) may be excluded in computing a time requirement under this chapter if the continuance, extension, or exclusion would result in any of the following:
>
> 1. The court making an initial finding under s. 48.21(5)(b)1., 48.355(2)(b)(6)., or 48.357(2v)(a)1. that reasonable efforts have been made to prevent the removal of the child from the home, while assuring that the child's health and safety are the paramount concerns, or an initial finding under s. 48.21(5)(b)3., 48.355(2)(b)6r., or 48.357(2v)(a)3. that those efforts were not required to be made because a circumstance specified in s. 48.355(2d)(b)1. to 5. applies, more than 60 days after the date on which the child was removed from the home.
>
> 2. The court making an initial finding under s. 48.38(5m) that the agency primarily responsible for providing services to the child has made reasonable

> efforts to achieve the goals of the child's permanency plan more than 12 months after the date on which the child was removed from the home or making any subsequent findings under s. 48.38(5m) as to those reasonable efforts more than 12 months after the date of a previous finding as to those reasonable efforts.

Therefore, without any express language incorporating Wis. Stat. § 48.422(2) into subsection (a) of Wis. Stat. § 48.315(2m), subsection (b) of the same statute is not triggered, and thus it is inapplicable to the competency challenge in this case. Moreover, this recent amendment to the Children's Code does not affect our reliance on either *B.J.N.* or *April O.* Neither of those cases involved circumstances that would trigger § 48.315(2m)(b). Section 48.315(2) was correctly applied in those cases, and the decisions finding a loss of competency would not have been changed even if this amendment had been in effect.

¶ 34. We are convinced by the plain reading of the statute that the legislature did not intend to extend competency for all violations of time deadlines outlined in the Children's Code. If this were truly its intent, it would have said as much in the statute. *See State ex rel. Kalal v. Circuit Court,* 2004 WI 58, ¶¶ 45–46, 271 Wis. 2d 633, 681 N.W.2d 110. Although we interpret the statute as unambiguous, our conclusion is bolstered when we contrast the language of Wis. Stat. § 48.315(2m) with that of Wis. Stat. § 938.315(3) of the Juvenile Justice Code.[9] In the latter statute, the legislature stated: "Failure to comply with *any* time limit

---

[9] The original Children's Code encompassed a broad array of juvenile matters, including TPR petitions, adoptions, and delinquency petitions. However, "[i]n 1995, the legislature created chapter 938, the Juvenile Justice Code, which governs delinquent juveniles; CHIPS cases remain in chapter 48." *State*

specified in *this chapter* does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction." Wis. Stat. § 938.315(3) (emphasis added).

¶ 35.   While Wis. Stat. § 48.315(2m)(b) uses much of the same language as Wis. Stat. § 938.315(3), it did not save competency for a violation of "any time limit specified in this chapter. . . ." Wis. Stat. § 938.315(3).[10] Instead, it limited the statute's scope to "any time limit specified in par. (a)." It is also important to note that § 48.315(2m)(b) became effective several years after the legislature adopted the Juvenile Justice Code in 1995. Therefore, it is reasonable to conclude that the legislature considered, and then rejected, the adoption of the exact language that was used in § 938.315(3).

¶ 36.   Because of the clear statutory language and legislative intent behind these statutes, we must emphasize the importance of strictly following the provisions of Wis. Stat. ch. 48. While we recognize the need for flexibility in the Children's Code, we believe the legislature addressed this problem with the enactment of Wis. Stat. § 48.315. In this case, for example, the court perhaps could have granted a continuance if it had recognized good cause for the delay in open court or during a telephone conference on the record. Without

*v. Michael S.*, 2005 WI 82, ¶ 57, 282 Wis. 2d 1, 698 N.W.2d 673 (interpreting time limits under Wis. Stat. § 938.315).

[10] While we acknowledge that the *Mikrut* court held that Wis. Stat. § 48.315(2m) was amended "to like effect" as Wis. Stat. § 938.315, we clarify now that the two statutes are not identical in effect. In § 938.315, the statute saves court competency for the failure to comply with any time limit specified in that entire chapter. In § 48.315(2), however, court competency is only saved for the failure to comply with any time limit specified in paragraph (a) of that statute, not the entire chapter.

such action, however, there is no choice for us but to follow the plain language of the statutes, and to hold that the court lost competency to proceed before it ordered the termination of Rachel B.'s parental rights. In a similar situation in *April O.,* the court of appeals understandingly lamented:

> (Statutory language) compels us to reach a result in this case that is, to say the least, unfortunate. . . . [T]he object of the Children's Code is to protect the best interests of the children. . . . We empathize with the circuit court that this is not a good result for the children. However, we may not rewrite clear statutory language. . . .

*April O.,* 233 Wis. 2d 663, ¶ 12. We are satisfied, however, that children such as Joshua S., and their parents, clearly have a due process right to have these decisions determined within the time limits set by the legislature, unless statutory provisions for a continuance are followed. *See B.J.N.,* 162 Wis. 2d at 649; *R.H.,* 147 Wis. 2d at 33.

### III

¶ 37. In sum, we conclude that a competency challenge based on the violation of the statutory time limitation of Wis. Stat. § 48.422(2) cannot be waived, even though it was not raised in the circuit court. The court of appeals erred in extending the holding in *Mikrut* to violations of such a mandatory statutory time limitation under Wis. Stat. ch. 48. The circuit court did not hold the fact-finding hearing within the time limits established by § 48.422(2), and never granted a proper extension or continuance pursuant to Wis. Stat. §§ 48.315(1)(a) and (2), and thus it lost competency to proceed before it ordered the termination of Rachel B.'s

parental rights. Accordingly, we reverse the decision of the court of appeals, which had affirmed the order of the circuit court.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 38. JON P. WILCOX, J. (*dissenting*). Wisconsin Stat. § 48.01(1) (2003–04)[1] provides: "In construing this chapter, the best interests of the child or unborn child shall always be of paramount consideration." Because the majority adopts an interpretation of Wis. Stat. § 48.315(2m)(b) that is inconsistent with the text of the statute and in contravention of the best interests of children, I dissent.

¶ 39. Section 48.315(2m)(b) provides, in pertinent part: "Failure to comply with any time limit specified in par. (a) does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction." Wisconsin Stat. § 48.315(2m)(a) governs the granting of a continuance or extension "of *a time limit specified in this chapter* . . . ." (Emphasis added.)

¶ 40. Thus, this court was correct in *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 12 n.4, 273 Wis. 2d 76, 681 N.W.2d 190, when we stated that § 48.315(2m)(b) "specif[ies] that failure to comply with time limitations for continuances, extensions of time or periods of delay in Ch. 48 'does not deprive the court of personal or subject matter jurisdiction or of competency to exercise that jurisdiction.'" Given that § 48.315(2m)(a) applies to granting continuances or extensions "of a time limit specified in this chapter,"

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

*Mikrut* was correct in stating that § 48.315(2m)(b) is similar to Wis. Stat. § 938.315(3), in that both apply to *any* time period in the respective chapter. *Id.*

¶ 41.   The majority erroneously concludes that the operation of § 48.315(2m)(b) is limited to those time periods specified in subdivisions 1.-2. of § 48.315(2m)(a). Majority op., ¶ 32. Contrary to the assertion of the majority, the statute says no such thing. While § 48.315(2m)(a) provides that a court may not grant a continuance or extension if the continuance or extension would result in certain other time limits specified in subdivisions 1.-2. being violated, the application of § 48.315(2m)(b) is not limited to those time periods enumerated in subdivisions 1.-2. of § 48.315(2m)(a). Rather, the text of § 48.315(2m)(b) expressly applies to "any time limit specified in par. (a)." As paragraph (a) governs the granting of continuances and extensions "of a time limit specified in this chapter[,]" it is of no consequence that paragraph (a) "does not mention the mandatory time limit presented in this case." Majority op., ¶ 33.

¶ 42.   In addition to being inconsistent with the text of the statute, the majority's interpretation of § 48.315(2m)(b) fails to adhere to the legislative mandate that in construing all provisions of chapter 48, "the best interests of the child or unborn child shall always be of paramount consideration." Wisconsin Stat. § 48.01(1). The time period at issue in this case, Wis. Stat. § 48.222(2), was not met in large part due to scheduling conflicts between the parties' attorneys. *See* majority op., ¶¶ 6–7. The majority fails to explain how interpreting § 48.315(2m)(b) in such a manner so as to deprive a circuit court of its competency to adjudicate the termination of parental rights (TPR) petition under these circumstances is in the best interests of Joshua S.

174

The interests of children, such as Joshua S., are best protected by interpreting § 48.315(2m)(a) & (b) in conformity with their plain language so as to allow a circuit court to retain competency over the TPR petition if a time period within chapter 48 has not been met.

¶ 43.    Accordingly, I would hold that pursuant to § 48.315(2m)(a) & (b), a circuit court does not lose competency when it fails to comply with the time period set forth in § 48.222(2). This interpretation conforms to the plain statutory language and the best interests of the child sought to be protected by the TPR petition. Therefore, I would affirm the order of the circuit court.

¶ 44.    I am authorized to state that Justices DAVID T. PROSSER and PATIENCE DRAKE ROGGENSACK join in this dissent.