In re the Termination of Parental Rights
to Artavia B., a person under the age of 18:

Dane County Department of Human Services,
Petitioner-Respondent,

v.

Dyanne M., Respondent-Appellant.†

Court of Appeals

*No. 2006AP2919. Submitted on briefs February 12, 2007.
—Decided March 29, 2007.*

2007 WI App 129

(Also reported in 731 N.W.2d 360.)

† Petition to review denied 9/14/07.

731

732

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Philip J. Brehm*, Janesville.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Eve M. Dorman* and *John C. Talis*, Assistant Corporation Counsels for Dane County.

Before Lundsten, P.J., Vergeront and Bridge, JJ.[1]

¶ 1. LUNDSTEN, P.J. Dyanne M. appeals the circuit court's order terminating her parental rights to her

---

[1] This case was converted from a one-judge appeal to a three-judge appeal pursuant to Wis. Stat. § 809.41(3) (2005–06). All references to the Wisconsin Statutes are to the 2005–06 version.

daughter, Artavia B. She argues that the circuit court lost competency by failing to enter a disposition within 10 days of the dispositional hearing, as required by WIS. STAT. § 48.427(1). In addition, Dyanne argues that she received insufficient termination warnings under WIS. STAT. § 48.356(2). We conclude that the circuit court did not lose competency and that the termination warnings were sufficient. We affirm the circuit court's order.

### Background

¶ 2. The Dane County Department of Human Services (the "department") petitioned for termination of Dyanne's parental rights to Artavia, alleging that Artavia was in continuing need of protection or services (CHIPS). Artavia had previously been placed outside the home under a CHIPS dispositional order dated January 30, 2003.

¶ 3. Dyanne contested the petition to terminate her parental rights. After a fact-finding hearing, a jury found grounds to terminate. On June 20, 2006, the circuit court held a dispositional hearing. At the conclusion of the hearing, the circuit court found that terminating Dyanne's parental rights to Artavia was in the child's best interests. The court orally ordered that Dyanne's parental rights to Artavia be terminated and that custody and guardianship of Artavia be transferred to the state department of health and family services for purposes of adoptive placement.

¶ 4. The department submitted a proposed written order on June 23, 2006. Dyanne submitted a list of objections to the proposed order on June 28. The department responded to the objections and submitted a revised proposed order on June 30. The circuit court

signed the revised proposed order and filed it with the clerk of court on July 10. We reference additional facts as needed below.

## *Discussion*

### *Circuit Court's Competency*

¶ 5.   Dyanne relies on the general rule that "[c]ompliance with statutory time limits in parental rights termination proceedings is mandatory; a failure to comply with these time limits, absent an applicable exception, results in the circuit court losing competency to proceed." *Dane County Dep't of Human Servs. v. Susan P.S.*, 2006 WI App 100, ¶ 63, 293 Wis. 2d 279, 715 N.W.2d 692, *review denied,* 2006 WI 126, 297 Wis. 2d 322, 724 N.W.2d 205 (Nos. 2005AP3155 through 2005AP3158). Dyanne argues that the circuit court here lost competency by failing to comply with the 10–day time limit in Wis. Stat. § 48.427(1).

¶ 6.   Dyanne's reasoning proceeds as follows:

- Wisconsin Stat. § 48.427(1) requires that the court "enter" a TPR disposition "within 10 days" after the court receives "evidence related to the disposition."[2]

- It is undisputed here that the written order terminating Dyanne's parental rights to Artavia was not signed and filed with the clerk of court within this 10–day time limit.

---

[2] Wisconsin Stat. § 48.427(1) provides:

Any party may present evidence relevant to the issue of disposition, including expert testimony, and may make alternative dispositional recommendations to the court. After receiving any evidence related to the disposition, the court shall enter one of the dispositions specified under subs. (2) to (4) within 10 days.

735

- Under Wıs. Stat. § 806.06(1), "enter" in § 48.427(1) means "filed in the office of the clerk of court."[3]

- Time limits in Wıs. Stat. ch. 48, including the 10–day limit at issue here, may be extended for good cause under Wıs. Stat. § 48.315, but the facts here do not meet the criteria for extending the time limit under that statute.

- When the 10–day time limit passed without "entry" of a disposition, the circuit court lost competency to proceed.

- Because the circuit court lost competency, the order terminating Dyanne's parental rights to Artavia must be vacated.

Thus, if Dyanne is correct, we would be compelled to reach a decision " 'that is, to say the least, unfortunate' " and " 'not a good result for the child[].' " *Sheboygan County Dep't of Soc. Servs. v. Matthew S.*, 2005 WI 84, ¶ 36, 282 Wis. 2d 150, 698 N.W.2d 631 (quoting *State v. April O.*, 2000 WI App 70, ¶ 12, 233 Wis. 2d 663, 607

---

[3] Wisconsin Stat. § 806.06(1) reads:

> **Rendition, perfection and entry of judgment. (1)**(a) A judgment is rendered by the court when it is signed by the judge or by the clerk at the judge's written direction.

> (b) A judgment is entered when it is filed in the office of the clerk of court.

> . . . .

> (d) A judgment is granted when given orally in open court on the record.

We note that Wıs. Stat. § 807.11 similarly provides:

> **Orders: rendition and entry. (1)** An order is rendered when it is signed by the judge.

> **(2)** An order is entered when it is filed in the office of the clerk of court.

N.W.2d 927). So far as we can tell, if the circuit court lost competency, the department must file a new termination petition, and all stages of the TPR proceeding must be repeated.

¶ 7.  We agree with Dyanne that, in general, the failure to comply with time limits in parental rights termination cases results in the circuit court losing competency. However, we do not agree that the circuit court here lost competency.[4]

¶ 8. ˙ A circuit court loses competency in a termination proceeding when it fails to comply with a time limit "between critical stages within the adjudication process." The supreme court has explained:

> When the Children's Code was first enacted, "there were 'no statutorily authorized time limits for the processing of cases in the juvenile court,' the lack of which often resulted in an abuse of detention." In 1977 and 1979, however, the Code was substantially revised to include numerous time limitations, which were established to protect constitutional due process rights. "The legislative history of the Children's Code shows that the legislature considers that strict time limits *between critical stages within the adjudication process* are necessary to protect the due process rights of children and parents."

*Matthew S.*, 282 Wis. 2d 150, ¶ 17 (citations omitted; emphasis added); *see also Green County Dep't of Human Servs. v. H.N.*, 162 Wis. 2d 635, 656, 469 N.W.2d 845

---

[4] Dyanne challenges competency for the first time on appeal. The department does not assert that the issue has been waived. This apparent concession is consistent with *Sheboygan County Department of Social Services v. Matthew S.*, 2005 WI 84, ¶ 30, 282 Wis. 2d 150, 698 N.W.2d 631.

(1991) (referring to the lack of competency in the WIS. STAT. ch. 48 context as preventing the circuit court from "adjudicating" the case before it); *cf. Village of Trempealeau v. Mikrut,* 2004 WI 79, ¶ 10, 273 Wis. 2d 76, 681 N.W.2d 190 ("Only when the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part will the circuit court's competency to proceed be implicated.").

■

¶ 9.    While we do not attempt to compile a comprehensive listing of which steps in a TPR proceeding constitute critical stages within the adjudication process, case law makes clear that a number of steps in the proceeding are "critical" to the circuit court's adjudication of the matter. The failure to meet the following time limits, absent a proper extension under WIS. STAT. § 48.315, causes a circuit court to lose competency:

- The 30-day time limit for holding an initial hearing. WIS. STAT. § 48.422(1); *Brown County v. Shannon R.,* 2005 WI 160 ¶¶ 2, 74, 81–82, 286 Wis. 2d 278, 706 N.W.2d 269; *April O.,* 233 Wis. 2d 663, ¶¶ 1, 4–5, 7–10.

- The 45-day time limit for holding a fact-finding hearing. WIS. STAT. § 48.422(2); *State v. Robert K.,* 2005 WI 152, ¶¶ 2, 16–17, 286 Wis. 2d 143, 706 N.W.2d 257; *Matthew S.,* 282 Wis. 2d 150, ¶¶ 1–2, 13–18.

- The 45-day time limit for holding a dispositional hearing. WIS. STAT. § 48.424(4); *State v. Quinsanna D.,* 2002 WI App 318, ¶¶ 2, 34–37, 259 Wis. 2d 429, 655 N.W.2d 752; *April O.,* 233 Wis. 2d 663, ¶¶ 1, 4–5, 7, 11–12.

In this case, there is no dispute that all of these proceedings were timely held or that time limits were properly extended under § 48.315.

¶ 10. Accordingly, the question is whether the circuit court's failure to comply with the 10–day time limit in WIS. STAT. § 48.427(1), under the circumstances here, implicated a "critical stage[]" in the "adjudication process." Our focus is on the language, "within the adjudication process," and specifically on the concept of "adjudicate." The common meaning of "adjudicate" is simply "[t]o rule upon judicially." BLACK'S LAW DICTIONARY 45 (8th ed. 2004). Thus, we must decide whether the circuit court's oral decision and order at the close of the dispositional hearing brought to an end the critical stages within the adjudication process.[5]

■

¶ 11. We will assume, for purposes of this decision, that Dyanne is correct in asserting that "enter" in WIS. STAT. § 48.427(1) means "filed in the office of the clerk of court" and that the 10–day requirement was not met here because the court failed to "enter one of the dispositions specified under subs. (2) to (4) within 10 days" after receiving "evidence related to the disposition." WIS. STAT. § 48.427(1).[6] We conclude, however,

---

[5] We are aware of recent supreme court decisions that speak of the term "adjudging" (not "adjudicate") in the context of what constitutes the final document for purposes of an appeal. *See Tyler v. The RiverBank*, 2007 WI 33, ¶¶ 3, 17, 299 Wis. 2d 751, 728 N.W.2d 686; *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶¶ 3, 34–35, 39–40, 48, 50, 299 Wis. 2d 723, 728 N.W.2d 670. Our decision does not speak to what constitutes a final judgment or order for purposes of appeal in a TPR case.

[6] There is room for debate as to whether the court's oral order at the end of the dispositional hearing complies with WIS. STAT. § 48.427(1). It is at least arguable that, when the circuit court rendered an oral decision at the conclusion of the dispositional hearing, the court satisfied the "enter" requirement in § 48.427(1). Section 48.427, when read in its entirety, seems to

that the circuit court here did not lose competency because it fully adjudicated the TPR proceeding and made all the decisions it was required to make in its oral decision and order prior to expiration of the 10–day time limit.

¶ 12. After hearing evidence at a dispositional hearing, a circuit court must make a number of decisions. The decisions that must be made depend on the circumstances and are set forth in several statutes. *See* WIS. STAT. §§ 48.426, 48.427, 48.428, and 48.43. These

contemplate both oral and written orders terminating parental rights. *See, e.g.,* § 48.427(7). Another statute, WIS. STAT. § 48.43, appears to define what must be in the written order terminating parental rights. The relationship between § 48.427 and § 48.43 is unclear. Dyanne assumes, without explanation, that a disposition entered under § 48.427 must comply with § 48.43. The department makes no reference to § 48.43. We observe that, if the "enter" requirement in § 48.427(1) may be satisfied by an oral order, the oral order in this case is sufficient because it otherwise complies with the requirements of § 48.427(1)-(4).

We also note that the department does not argue that the facts of this case fall within WIS. STAT. § 48.315, which permits certain delays, continuances, and extensions of time limits in WIS. STAT. ch. 48. Accordingly, we need not address the applicability of § 48.315. The department does offer reasons why the circuit court's written order terminating Dyanne's parental rights should be deemed timely "entered." For example, the department argues that the time limit should not begin to run until the date that a party files objections to the department's proposed order. Similarly, the department argues that the doctrine of invited error should bar Dyanne from arguing that the circuit court lost competency because it was her objections that induced the delay in the circuit court's entry of a disposition. We need not reach these arguments because we conclude that the circuit court's failure to comply with the 10–day time limit under the circumstances here did not result in a loss of competency.

statutes define not only what a court must "enter" and what must be contained in the written judgment, but also what the court must adjudicate, that is, rule upon.

¶ 13.  We emphasize that the topics a court must rule upon vary depending on the circumstances. Here, in light of both the court's decision to terminate Dyanne's parental rights and Artavia's custody and adoption needs, three rulings were required:

- A finding that termination of parental rights is in the best interests of the child. *See* WIS. STAT. § 48.427(1) and (3); WIS. STAT. § 48.43(1)(d).

- A selection of the agency or individual who receives guardianship and custody of the child upon termination. *See* § 48.427(3m); § 48.43(1)(a).

- A selection of the agency responsible for securing the adoption of the child or establishing the child in a permanent family setting. *See* § 48.427(3m); § 48.43(1)(a).

The circuit court's oral decision contains all three rulings. The court found that termination of Dyanne's parental rights was in the best interests of Artavia. Further, the court transferred custody and guardianship to the state department of health and family services and identified that state agency as the entity responsible for pursuing adoptive placement.

■

¶ 14.  Having made these rulings, there was nothing left for the circuit court to adjudicate. It follows that the "critical stages within the adjudication process" concluded when the court rendered its oral decision. Moreover, because the 10–day time limit in WIS. STAT. § 48.427(1) had not passed when the circuit court ruled orally, any subsequent failure to comply with that time

limit did not deprive the circuit court of competency. The net effect of our holding is that, as long as the required rulings are made within the 10–day time limit, even if they are oral, the court does not lose competency.

¶ 15.  In sum, we fail to discern any reason why, after all critical stages within the adjudication process are complete, and the court has made the required rulings, entry of a written order implicates the court's competency. In this particular case, we agree with the department that the 10–day time limit in Wis. Stat. § 48.427(1) addresses a period *after* the circuit court made the final decisions that served to terminate Dyanne's parental rights to Artavia and put Artavia in a position to be adopted. For all of the reasons stated, we reject Dyanne's argument that the circuit court lost competency.

¶ 16.  Competency aside, Dyanne does not present any argument that she is otherwise entitled to relief based on the circuit court's alleged failure to meet the requirement that the circuit court "enter" a dispositional order within 10 days.

*Termination Warnings*

¶ 17.  Dyanne also argues that she is entitled to reversal because she received insufficient warnings that her parental rights could be terminated. Specifically, she argues that the CHIPS dispositional order dated January 30, 2003, failed to comply with the warning requirement in Wis. Stat. § 48.356(2). We disagree.

¶ 18.  Wisconsin Stat. § 48.356 provides:

> (1) Whenever the court orders a child to be placed outside his or her home . . . because the child . . . has

been adjudged to be in need of protection or services . . ., the court shall orally inform the parent or parents who appear in court . . . of any grounds for termination of parental rights under s. 48.415 which may be applicable and of the conditions necessary for the child . . . to be returned to the home . . . .

(2) In addition to the notice required under sub. (1), any written order which places a child . . . outside the home . . . shall notify the parent or parents . . . of the information specified under sub. (1).

¶ 19.   Dyanne acknowledges that the CHIPS order makes reference to "warnings" and contains the statutory language defining the possible grounds for termination. She also does not dispute that the order contains the conditions that were necessary for Artavia's return. Dyanne's argument is limited to an assertion that the order fails to sufficiently connect the warning language to the statutory language. She asserts: "what is missing is *relevance* of the statutory language at the end of the [CHIPS] dispositional order." Dyanne states:   "There is no bridging language to put the statutory language in context. There is nothing to tell the parent 'If you fail to do this, your parental rights could be terminated.' "

¶ 20.   In support of her argument, Dyanne refers us to *M.P. v. Dane County Department of Human Services*, 170 Wis. 2d 313, 488 N.W.2d 133 (Ct. App. 1992). The CHIPS order in *M.P.*, like the CHIPS order here, contained conditions for return and statutory language. *See id.* at 321–22. The CHIPS order in *M.P.* also contained the following provision:

**NOTICE TO PARENTS:** You are hereby notified pursuant to Wis. Stat. s. 48.356 that if as a result of your refusal, neglect, or inability, the conditions and directions as outlined in this court order are not

complied with, such action on your part may result in grounds for termination of your parental rights to the above named child/ren. Further, the grounds for termination that may apply are as follows:

1. **ABANDONMENT** pursuant to Wis. Stat. s. 48.415(1) if you fail to visit or communicate with the above named child/ren for a period of six (6) months; or

2. **CONTINUING PROTECTION AND SERVICES** pursuant to Wis. Stat. s. 48.415(2) if you refuse, neglect, or are unable to change the conditions and comply with the conditions of this order for a period of one (1) year.

*Id.* at 322. The court in *M.P.* held that the CHIPS order there was sufficient under Wis. Stat. § 48.356(2), reasoning, in part, that the order "adequately . . . explained the import" of the applicable grounds. *M.P.*, 170 Wis. 2d at 323; *see also Cynthia E. v. La Crosse County Human Servs. Dep't*, 172 Wis. 2d 218, 227, 493 N.W.2d 56 (1992) (CHIPS orders contained "a summary of sec. 48.415(2), Stats., in language a lay person could understand").

¶ 21. Dyanne apparently reads *M.P.* to *require* an explanatory provision like the one quoted in *M.P.* Although such a provision may be helpful and advisable, we agree with the department that the CHIPS order in this case is sufficient under Wis. Stat. § 48.356(2).

¶ 22. The CHIPS order here totals five and one-half pages, beginning with a three-page standard form. The form portion of the order states at the bottom of the second page: "The parents have been advised of the applicable grounds for termination of parental rights and the conditions that are necessary for the return of the child to the home or restoration of visitation rights." Immediately under that statement, the order reads: "Written TPR warnings are attached." The fourth page of the order, which is the first

744

page of the attachment, succinctly sets forth the conditions for the return of the child. Near the top of the next page, the order reads **"WARNING TO THE PARENTS**," followed immediately by the statutory language for the applicable grounds for termination (abandonment and continuing need of protection or services).

¶ 23. Given these provisions, which appear in close succession with little to no extraneous information in between, we conclude that the order informed Dyanne of the applicable grounds for termination and of the conditions necessary for Artavia to be returned to the home. *See* WIS. STAT. § 48.356(2); *see also Waukesha County v. Steven H.*, 2000 WI 28, ¶ 37, 233 Wis. 2d 344, 607 N.W.2d 607 (statutory warning requirement is meant to ensure that a parent has adequate notice of the conditions for return and that the parent is forewarned that parental rights are in jeopardy).[7]

*By the Court.*— Order affirmed.

[7] Dyanne also argues that there is no proof in the record that she actually received the CHIPS order, and that this lack of proof requires that the order terminating her parental rights be vacated. The department responds that Dyanne failed to raise this issue in the circuit court and, therefore, has waived it. In her reply brief, Dyanne does not respond to the department's waiver argument. Accordingly, we do not address it. *See Apex Elecs. Corp. v. Gee*, 217 Wis. 2d 378, 384, 577 N.W.2d 23 (1998) (issues not raised in the circuit court need not be addressed on appeal); *Hoffman v. Economy Preferred Ins. Co.*, 2000 WI App 22, ¶ 9, 232 Wis. 2d 53, 606 N.W.2d 590 (Ct. App. 1999) (argument to which no response is made may be deemed conceded for purposes of appeal).