Cynthia HOFFMAN, Daniel Hoffman and Shawn, Troy and Cory Hoffman, minors by Attorney Greg Krug, Their Guardian ad Litem, Plaintiffs,

FIRST AUTO & CASUALTY INSURANCE COMPANY and Family Health Center, Involuntary-Plaintiffs,

v.

ECONOMY PREFERRED INSURANCE COMPANY, Danielle Metz and James B. Metz, Defendants-Third-Party Plaintiffs-Appellants,

v.

BADGER MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent.

Court of Appeals

*No. 99–0762. Submitted on briefs November 3, 1999.—Decided December 7, 1999.*

## 2000 WI App 22

(Also reported in 606 N.W.2d 590.)

53

On behalf of the defendants-third-party plaintiffs-appellants, the cause was submitted on the briefs of *Matthew E. Yde* of *Strasser & Yde*, Schofield.

On behalf of the third-party defendant-respondent, the cause was submitted on the brief of *John P. Runde* of *Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.    PETERSON, J.    Danielle and James Metz and their insurer, Economy Preferred Insurance Company,[1] (collectively Economy) appeal the circuit court's decision denying their motion for summary judgment and granting Badger Mutual Insurance Company's opposing motion. Economy also appeals the circuit court's decision finding its arguments frivolous and

---

[1] At the time of the accident, Economy was known as St. Paul Insurance Company.

assessing sanctions. Economy argues that: (1) Badger's "pay and walk" policy provision is invalid; (2) Badger breached its duty to defend and indemnify the Metzes; and (3) Economy's arguments were not frivolous. We conclude that Badger's policy language was valid and, therefore, Badger did not breach any duty to defend the Metzes. However, we reverse the portion of the circuit court's judgment finding Economy's arguments frivolous because Economy did not have sufficient notice that frivolous sanctions might be imposed.

## BACKGROUND

¶ 2.  Cynthia Hoffman was severely injured in an automobile accident when a truck operated by Danielle Metz collided with the van Hoffman was driving in June 1995. Metz was a minor driver, sponsored by her father. Badger considered Metz an additional insured because she had permission to use the truck from the truck's owners and its named insureds, Bruce and Pamela Emmerich.[2] Badger acknowledged primary liability and paid its policy limits of $100,000 to Hoffman.[3] In exchange for the policy limits, Hoffman signed a release of all claims against Badger and the Emmerichs. However, she declined to release the Metzes.

¶ 3.  Seeking damages beyond Badger's policy limit, Hoffman commenced this action against the Metzes and their insurer, Economy. Economy filed a

---

[2] Wisconsin's omnibus statute, § 632.32(3), STATS., extends insurance coverage to any permissive user of an insured motor vehicle and to any person legally responsible for the use of the motor vehicle. *See Binon v. Great Northern Ins. Co.*, 218 Wis. 2d 26, 30–31, 580 N.W.2d 370, 372 (Ct. App. 1998).

[3] Hoffman's family members are also involved in this suit, however, we refer to them collectively as Hoffman.

third-party complaint against Badger claiming that it breached its duty to defend and indemnify the Metzes. Badger and Economy filed motions for summary judgment. The circuit court granted Badger's motion and denied Economy's, finding that Badger satisfied its responsibilities by fully paying its policy limits. It also concluded that Economy's arguments were frivolous and awarded actual costs.

## STANDARD OF REVIEW

¶ 4.   We review orders granting summary judgment de novo using the same methodology as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816, 820–21 (1987). Under § 802.08(2), STATS., a motion for summary judgment must be granted when there is no genuine issue of material fact.[4]

## "PAY AND WALK" PROVISION

¶ 5.   A "pay and walk" provision allows an insurer to terminate the defense of its insured by tendering its policy limits for settlement. Economy claims that Badger's insurance policy contains an invalid "pay and walk" provision because the provision is not highlighted by conspicuous print as required by *Gross v. Lloyds of London*, 121 Wis. 2d 78, 358 N.W.2d 266 (1984). In this case we must decide whether an incon-

---

[4] Section 802.08(2), STATS., provides in part:

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

spicuous provision is enforceable as applied to a permissive user. The enforcement of an insurance provision involves a question of law that this court reviews de novo. *See id.* at 84, 358 N.W.2d at 269.

In *Gross*, the court concluded that:

> In order for an insurer to be relieved of its duty to defend upon tender of the policy limits, the "tendered for settlements" language must be highlighted in the policy and binder by means of conspicuous print, such as bold, italicized, or colored type, which gives clear notice to the insured that the insurer may be relieved of its duty to defend by tendering the policy limits for settlement.

*Id.* at 89, 358 N.W.2d at 271. The court fashioned the conspicuous language requirement in order to place insureds on notice that "they are buying a policy of indemnity and a defense only up to the point where the insurer tenders the policy limits for settlement and that the insurer's duty to defend ceases once such a tender has been made." *Id.*

██

¶ 6.   Here, however, the policy considerations for assuring that an insured is on notice of the policy's "pay and walk" provision are not applicable. The Emmerichs owned the vehicle and insured it by purchasing Badger's insurance policy. Metz was an additional insured under Badger's policy only by virtue of being a permissive user. Regardless of whether the "pay and walk" provisions were printed in conspicuous type, Metz would never have seen the insurance policy or binder explaining its benefits. No matter how conspicuous the "pay and walk" provision would have been, Metz would never have been aware of it or been in a position to negotiate regarding its inclusion. Accord-

ingly, we conclude that the *Gross* requirement of conspicuous language does not apply to a permissive user.[5] Therefore, the "pay and walk" provision is enforceable.

## DUTY TO INDEMNIFY

¶ 7.   An insurance policy imposes a duty on the insurer to indemnify the insured if the insured is found liable for damages. *See Barber v. Nylund,* 158 Wis. 2d 192, 195, 461 N.W.2d 809, 811 (Ct. App. 1990). Economy contends that Badger breached its duty to indemnify the Metzes by failing to obtain a written instrument or court order confirming that the Metzes received credit for the settlement amount paid by Badger.

¶ 8.   Economy argues that Badger should be responsible for the attorney fees Economy incurred discovering that the Metzes were entitled to credit. Economy bases its argument on the fact that Hoffman, in answer to interrogatories, denied entering into any settlement. Economy claims that "Badger should be responsible for all attorney fees incurred on behalf of [the Metzes] through August 7, 1998," the date when Hoffman finally acknowledged, in a request to admit, that she received payment from Badger. The circuit court rejected Economy's argument because it concluded Economy was fully aware of the settlement between Hoffman and Badger, as was evidenced by

---

[5] Economy also argues that Wisconsin's omnibus statute requires us to apply the conspicuous language requirement to the case of a permissive user. We have not created an exception to the omnibus statute, rather we have concluded that *Gross's* judicially created conspicuous language rule is inapplicable under this factual scenario.

significant correspondence between the parties. We agree.

¶ 9.    First, Economy cites no case law supporting its argument that an insurer must obtain a written instrument or court order granting credit based on its settlement. Nor are we aware of any authority to that effect. This court need not consider arguments unsupported by citation to legal authority. *See In re Balkus*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985). Second, Economy does not claim that it was actually unaware of the fact that Badger paid Hoffman its policy limits. Finally, Economy does not respond to Badger's argument that the Metzes have not actually incurred any defense expenses and, therefore, have incurred no damages associated with "discovering" Badger's settlement payment. An argument to which no response is made may be deemed conceded for purposes of appeal. *See Schlieper v. DNR*, 188 Wis. 2d 318, 322, 525 N.W.2d 99, 101 (Ct. App. 1994).

## FRIVOLOUS COSTS

¶ 10.    The court found that Economy's arguments were frivolous and assessed sanctions. Economy claims that it was unaware of the possibility of frivolous sanctions and therefore did not have sufficient opportunity to respond.

¶ 11.    Significantly, Badger does not assert that Economy was sufficiently on notice of the possibility of frivolous sanctions. Instead, it argues that the circuit court has inherent authority to raise the issue on its own motion. *See In re Estate of Bilsie*, 100 Wis. 2d 342, 356, 302 N.W.2d 508, 517 (Ct. App. 1981). We agree that a circuit court may raise the issue of frivolousness on its own. Nevertheless, the party whose actions the

court finds frivolous must first have sufficient notice and an opportunity to respond. *See id.*

¶ 12. Neither Badger nor Hoffman ever sought frivolous sanctions. The parties both used the term only in a descriptive rather than legal sense. At the hearing on the summary judgment motions, Badger argued that Economy's third-party complaint "bordered on being frivolous." In its brief opposing summary judgment, Hoffman stated: "[Economy] frivolously argues that Exhibit 'A' of their Affidavit is a Release of all Claims because that is what the title indicates."

¶ 13. Addressing Economy's counsel, the court stated, "[Badger] claims you may be bordering on frivolous." The court's comment was directed to Economy's attorney in response to Badger's characterization. We do not consider that comment sufficient to give Economy notice that the court was considering frivolous sanctions.

¶ 14. We conclude that the attorneys' arguments did not constitute notice that the parties were seeking frivolous sanctions under § 814.025, STATS. Nor was the court's remark to Economy's attorney sufficient notice to indicate that it was considering assessing sanctions. Economy did not have sufficient notice or opportunity to respond. *See Bilsie*, 100 Wis. 2d at 356, 302 N.W.2d at 517. Therefore, we reverse the portion of the circuit court's judgment sanctioning Economy for frivolous arguments.

*By the Court.*—Judgment affirmed in part; reversed in part.