COURT OF APPEALS
DECISION
DATED AND FILED

April 27, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1485-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF141

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN CALVIN CHRISTENSEN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Lafayette County: DUANE M. JORGENSON, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. John Calvin Christensen appeals a judgment of conviction for operating a motor vehicle while under the influence of an intoxicant

(OWI), fourth offense. Specifically, he challenges the circuit court's order denying his motion collaterally attacking a 1989 OWI conviction from Mississippi. Christensen argues that his constitutional right to counsel was violated in the 1989 case and that his conviction in that case therefore cannot be counted as a prior offense. We reject Christensen's arguments and affirm.

## BACKGROUND

### Christensen's Collateral Attack of His 1989 Mississippi OWI Conviction.

¶2 In December 2019, Christensen was charged with OWI as a fourth offense in Wisconsin. The criminal complaint alleges that Christensen had three prior OWI convictions from Mississippi, with the first offense occurring in 1989 (the "1989 conviction"). Christensen filed a motion collaterally attacking the 1989 conviction on the basis that he was denied the constitutional right to counsel in that case.[1] *See* **State v. Ernst**, 2005 WI 107, ¶25, 283 Wis. 2d 300, 699 N.W.2d 92 (allowing collateral attack of prior OWI conviction when right to counsel was violated in prior proceeding and explaining burden-shifting procedure in collateral attack proceedings).

¶3 In his affidavit accompanying his motion, Christensen avers the following with respect to his 1989 conviction. Christensen was arrested in January 1989 for a criminal OWI offense in Smithville, Mississippi. Christensen spent four hours in the county jail before his bond was posted. Upon his release, Christensen was given a court date to appear at Smithville Municipal Court. Prior

---

[1] Christensen's motion also challenged a 2008 conviction from Mississippi; however, he has abandoned his challenge to the 2008 conviction on appeal.

to his arrest, Christensen had never been represented by an attorney, and he did not attempt to speak to an attorney in the days between his arrest and his appearance in court. At Christensen's court appearance, the Mississippi court[2] "never went over the minimum or maximum penalties [Christensen] faced if [he] ple[d] no contest"; and "never talked to [Christensen] about the difficulties or disadvantages [he] faced by handling the case without a lawyer." Further, "[t]here was no conversation about a lawyer at all" and Christensen "never filled out any paperwork regarding waiver [of his] rights or the right to a lawyer." The court informed Christensen that he would likely be convicted, even if the arresting officer did not appear in court. The court told Christensen that if he pled guilty and "stayed out of trouble" for five years, the OWI conviction would come off of his criminal record.[3] Christensen pled no contest to the charge based on his conversation with the court. Christensen further avers that he "did not knowingly, voluntarily and intelligently waive [his] right to a lawyer [i]n [the 1989] case."

¶4      It is undisputed that there is no transcript or any other court record related to Christensen's 1989 conviction.[4] The only record that exists of Christensen's 1989 conviction is in his driver's abstract from the Wisconsin Department of Transportation, showing the date of the offense and conviction.

---

[2] Christensen stated in both his affidavit and at the subsequent hearing that he believed the individual presiding over the municipal proceeding was the mayor of Smithville. Because the person presiding over the Mississippi proceeding was acting in an adjudicatory capacity, this opinion sometimes replaces Christensen's references to the "mayor" with the "court."

[3] The Mississippi court's statement on this point appears to be accurate: Christensen testified at the hearing in this Wisconsin OWI proceeding that a subsequent 2008 OWI conviction in Mississippi was also charged as a first offense because "a sufficient amount of time" had passed since the 1989 Mississippi conviction.

[4] The record shows that Christensen attempted to obtain the Mississippi records for the Mississippi conviction but was unsuccessful.

¶5      The circuit court held a hearing on Christensen's collateral attack motion. At the start of the hearing, the court stated that it was not satisfied that Christensen had established a prima facie case that his constitutional right to counsel was violated with respect to the 1989 conviction; the court therefore allowed Christensen to supplement his affidavit with his testimony. In response, the prosecutor argued that, because Christensen had not made the threshold showing that he had the right to counsel in the Mississippi proceeding, the court need not address whether any such right was violated. The court declined to decide Christensen's motion on the basis argued by the prosecutor and instead allowed Christensen to attempt to establish a prima facie case.

¶6      During his testimony, Christensen reiterated much of what he stated in his affidavit. He also testified, "[T]he Judge told me he was going to either plead me guilty that day or if I came back, he was going to plead me guilty anyway. It didn't matter. He said he was going to plead me guilty."

¶7      Following Christensen's testimony and the parties' arguments, the circuit court, relying on *Ernst*, determined that Christensen did not make a prima facie showing that his right to counsel was violated. *See Ernst*, 283 Wis. 2d 300, ¶¶25-27. Specifically, the court determined that, although there was likely not a proper colloquy conducted with respect to the waiver of counsel, Christensen failed to present any specific facts showing that he did not know or understand the information that should have been provided or showing that his waiver was not knowing, intelligent, and voluntary. The court further stated:

> I think he knew exactly what he was doing. He was going
> to get a fine, he was going pay the fine. He was … pulled
> over, he was intoxicated, he knew that. And I think he
> made a conscious choice. He was going to pay versus
> hiring an attorney.… [T]here was nothing that was
> presented that showed in the … 1989 case, … that his

> waiver was not knowing, intelligent, and voluntary -- a voluntary decision.

Thus, because Christensen did not make a prima facie showing, the burden did not shift to the State. *See* ***id.*** The court denied Christensen's collateral attack motion and entered a written order following the hearing. Christensen entered a no-contest plea to OWI as a fourth offense.[5] Christensen appeals his judgment of conviction, challenging the court's order denying his collateral attack motion.

## Procedural Posture on Appeal

¶8 As stated, Christensen has appealed his judgment of conviction, challenging the circuit court's order denying his collateral attack motion. In his brief-in-chief, Christensen argued that he made a prima facie showing that his constitutional right to counsel was violated. Christensen based this contention on the premise that the right to counsel applies to all criminal prosecutions under the Wisconsin Constitution. In its response brief, the State argued that, because the 1989 conviction occurred in Mississippi, the issue is not whether Christensen had the right to counsel under the Wisconsin Constitution, but whether he had the right under either the Mississippi or United States constitutions. The State argued that, because Christensen failed to show that he had such a right, this court should affirm the circuit court order denying his collateral attack motion. In his reply brief, Christensen argued for the first time that he had a right to counsel under the Mississippi Constitution.

---

[5] The circuit court withheld sentence and placed Christensen on probation for three years, with ninety days of jail. The court stayed the jail term pending this appeal.

¶9     In light of the new argument Christensen raised in his reply brief based on the Mississippi Constitution, this court issued an order requiring the State to file a supplemental brief addressing the arguments raised in Christensen's reply brief. Following this court's order, our supreme court decided *State v. Clark*, 2022 WI 21, 401 Wis. 2d 344, 972 N.W.2d 533, which clarified that the burden-shifting procedure established in *Ernst* does not apply in cases, like this one, where "the relevant hearing transcript from the prior conviction is unavailable." *Clark*, 401 Wis. 2d 344, ¶2. Instead, "the defendant retains the burden to demonstrate the right to counsel was violated." *Id.* In response to the *Clark* decision, the State filed a motion requesting rebriefing to address *Clark* or, in the alternative, the opportunity to address *Clark* as part of the State's supplemental brief. We granted the State's request, allowing the State to address *Clark* in its supplemental brief and also allowing Christensen to file a supplemental brief in response addressing *Clark*. The State filed a supplemental brief but Christensen did not.[6]

---

[6] The State argued in its supplemental brief that *State v. Clark*, 2022 WI 21, ¶20, 401 Wis. 2d 344, 972 N.W.2d 533, applies here because Christensen's case is still on direct appeal. *See State v. Lagundoye*, 2004 WI 4, ¶12, 268 Wis. 2d 77, 674 N.W.2d 526 ("[A] new rule of substantive criminal law is presumptively applied retroactively to all cases, whether on direct appeal or on collateral review" and "new rules of criminal procedure are to be applied retroactively to all cases pending on direct review or non-finalized cases still in the direct appeal pipeline."). Christensen has not disputed the State's contention, and we therefore assume for purposes of this appeal that *Clark* applies.

## DISCUSSION

*I. Governing Principles and Standard of Review Regarding Collateral Attacks of Prior OWI Convictions.*

¶10     "A defendant may collaterally attack a prior conviction in an enhanced sentence proceeding only on the ground that the defendant was denied the constitutional right to counsel" in the previous case.  ***State v. Hammill***, 2006 WI App 128, ¶6, 293 Wis. 2d 654, 718 N.W.2d 747.  To be constitutionally valid, a defendant's waiver of the right to counsel must be entered knowingly, intelligently, and voluntarily.  ***State v. Klessig***, 211 Wis. 2d 194, 203-04, 564 N.W.2d 716 (1997).  Before permitting a defendant to proceed without counsel, a circuit court must

> conduct a colloquy designed to ensure that the defendant:
> (1) made a deliberate choice to proceed without counsel,
> (2) was aware of the difficulties and disadvantages of self-representation, (3) was aware of the seriousness of the charge or charges against [the defendant], and (4) was aware of the general range of penalties that could have been imposed on [the defendant].

*Id.* at 206.

¶11     As noted, in ***Ernst***, our supreme court established a burden-shifting procedure for evaluating collateral attack motions.  ***Ernst***, 283 Wis. 2d 300, ¶25. Initially, the burden rests with the defendant to make a prima facie showing that the defendant's constitutional right to counsel was violated in a prior case.  ***Id.***  To satisfy that burden, the defendant must "point to facts that demonstrate that [the defendant] 'did not know or understand the information which should have been provided' in the previous proceeding and, thus, did not knowingly, intelligently, and voluntarily waive [the] right to counsel." ***Id.*** (quoted source omitted).  "Any

claim of a violation [of the right to counsel] on a collateral attack that does not detail such facts will fail." *Id.* If the defendant makes a prima facie showing that the defendant's right to counsel was violated in a prior case, the burden shifts to the State to prove by clear and convincing evidence that the defendant's waiver of counsel in the prior case was knowing, intelligent, and voluntary. *Id.*, ¶27.

¶12    As previously stated, however, in *Clark*, our supreme court clarified that the burden-shifting procedure established in *Ernst* does not apply in cases, like this one, where "the relevant hearing transcript from the prior conviction is unavailable." *Clark*, 401 Wis. 2d 344, ¶2. Instead, in a case where the relevant hearing transcript is unavailable, "the defendant retains the burden to demonstrate the right to counsel was violated." *Id.*

¶13    "Whether a defendant knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel requires the application of constitutional principles to the facts." *Ernst*, 283 Wis. 2d 300, ¶10. We review this question de novo. *Id.*

## II. The Circuit Court Properly Denied Christensen's Collateral Attack Motion.

¶14    In its supplemental brief, the State concedes that, based on the information provided in Christensen's reply brief, Christensen has established that the Mississippi Constitution afforded him the right to counsel in the 1989 OWI proceeding.[7]

---

[7] The State argues, however, that Christensen waived or forfeited his argument that he had the right to counsel under the Mississippi Constitution because Christensen did not make this argument in either the circuit court or in his brief-in-chief, and instead raised it for the first time in his reply brief. *See State v. Reese*, 2014 WI App 27, ¶14 n.2, 353 Wis. 2d 266, 844 N.W.2d 396 ("This court need not address arguments that are raised for the first time on appeal, or, if

(continued)

¶15    Nevertheless, the State argues that, under the framework and standards established in *Clark*, the circuit court correctly denied Christensen's collateral attack motion. As previously noted, Christensen did not file a response to the State's supplemental brief although this court expressly invited him to do so. Thus, we may take Christensen's failure to respond as a concession that he cannot prevail under *Clark*. *See Hoffman v. Economy Preferred Ins. Co.*, 2000 WI App 22, ¶9, 232 Wis. 2d 53, 606 N.W.2d 590 ("An argument to which no response is made may be deemed conceded for purposes of appeal."). However, for the reasons that follow, we also affirm the circuit court's decision on the merits because Christensen has not satisfied his burden of proving that he was denied the right to counsel.

¶16    The circuit court concluded that Christensen did not make a prima facie showing that he had been denied the right to counsel. Although the circuit court agreed that the Mississippi court likely did not conduct a proper colloquy as

raised below, raised for the first time in the reply brief."); *but see State ex rel. Universal Processing Servs. of Wis., LLC v. Circuit Ct. of Milwaukee Cnty.*, 2017 WI 26, ¶53, 374 Wis. 2d 26, 892 N.W.2d 267 ("Rules of forfeiture and waiver are rules of judicial administration, and thus, a reviewing court may disregard a waiver or forfeiture and address the merits of an unpreserved issue in an appropriate case.") We decline to apply rules of forfeiture or waiver. Instead, we allowed the State to address the information first raised in Christensen's reply brief in a supplemental brief, thereby eliminating any unfairness or prejudice to the State in considering Christensen's arguments made in his reply brief.

Separately, we also reject Christensen's argument, raised in his reply brief, that the State "conceded" that it "did not prove by clear and convincing evidence that [Christensen's] waiver of counsel in his 1989 OWI conviction was done knowingly, intelligently, and voluntarily" because the State, in its response brief, did not address Christensen's argument on this point and instead argued only that Christensen failed to show he had the right to counsel. We decline to deem the State as having conceded any argument on this point, particularly given Christensen's failure to argue until his reply brief that he had the right to counsel under the Mississippi Constitution. Moreover, in its supplemental brief, the State makes clear its position that under *Clark*, Christensen retains the burden of establishing that a violation of his right to counsel occurred and that Christensen failed to meet this burden.

required by ***Klessig*** and its progeny, the court noted that "the analysis doesn't simply end" upon a determination that "there wasn't a proper colloquy." Rather, "[t]he question then becomes" whether there were "specific facts presented that showed that the defendant did not know or understand the information [that] he should have been provided." The court concluded that Christensen did not demonstrate with specific facts that he did not know or understand the information the Mississippi court failed to give him. We agree with the circuit court's analysis and conclusion.

¶17 Christensen stated in his affidavit and testimony that the Mississippi court did not inform him of certain information as required under the four ***Klessig*** factors set forth above. *See **Klessig***, 211 Wis. 2d at 206. For example, Christensen stated that "[t]he [Mississippi court] never talked to [him] about the difficulties or disadvantages [he] faced by handling the case without a lawyer," nor did the court discuss "the minimum or maximum penalties [he] faced if [he] pled] no contest." He also stated that "[t]here was no conversation about a lawyer" and that he "never filled out any paperwork" regarding his rights to a lawyer. However, with one possible exception discussed below, Christensen's representations in his affidavit and testimony speak only to alleged deficiencies in the plea colloquy by the Mississippi court; they do not address what Christensen knew or understood regarding his right to an attorney. Significantly, Christensen never stated, for example, that he was unaware of his right to counsel.

¶18 It is insufficient—even for purposes of establishing a prima facie case—for Christensen to simply show that the Mississippi "court failed to conform to its mandatory duties during the plea colloquy." *See **Ernst***, 283 Wis. 2d 300, ¶25 (internal quotations and quoted source omitted). Instead, as the circuit court aptly observed, Christensen must also "point to facts that demonstrate" that he

"did not know or understand the information which should have been provided" in the Mississippi proceeding "and, thus, did not knowingly, intelligently, and voluntarily waive his … right to counsel." *See id.* (internal quotation marks and quoted source omitted). We agree with the circuit court that Christensen failed to point to such facts. The closest Christensen came to discussing his knowledge or understanding regarding the right to an attorney is the averment in his affidavit that he "did not knowingly, voluntarily and intelligently waive [his] right to a lawyer on [the 1989] case." But this conclusory statement, reciting the legal standard, likewise does not "point to facts that demonstrate" that Christensen "did not know or understand the information which should have been provided" in the 1989 proceeding. *See id.*

¶19 Moreover, we note that, under *Clark*, Christensen's burden for a valid collateral attack was even greater: he was not simply required to make a prima facie showing, but instead carried the ultimate burden of establishing that his constitutional right to counsel was violated. *See Clark*, 401 Wis. 2d 344, ¶20. For the reasons stated above, Christensen failed to meet that burden.

¶20 Accordingly, we conclude that the circuit court properly denied Christensen's motion seeking to collaterally attack his 1989 conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.